427 So.2d 1013 (1983)
Dr. Arthur SCHMITZ, Appellant,
v.
Marcia A. RYAN, et al, Appellees.
No. 82-1174.
District Court of Appeal of Florida, Second District.
February 11, 1983.
Rehearing Denied March 14, 1983.
*1014 Harold S. Smith II of Vega, Brown, Nichols, Stanley & Martin, P.A., Naples, for appellant.
Guion T. Deloach, Naples, for appellees.
LEHAN, Judge.
Dr. Arthur Schmitz appeals a default judgment entered against him for his failure to respond to discovery requests made by plaintiff, Marcia A. Ryan. We reverse.
Ryan sued Nako Hotelgesellschaft Mbh, Inc. ("Nako"), developers of a condominium, for specific performance or damages for failure to close the sale of a condominium unit pursuant to a purchase agreement between Ryan and Nako. The agreement provided that Ryan pay $10,951 as down payment and an additional $98,550 at closing. Nako cross-claimed against its agents, Gulf Island Realty of Marco Island, Inc. and H.J. Whitaker, for exceeding their authority in the negotiation and execution of the sales contract.
After filing the lawsuit, Ryan was permitted to amend the complaint to include a count against Schmitz. This count alleged that after Ryan had entered into the purchase agreement Schmitz entered into a purchase agreement with Nako for the same condominium unit and subsequently purchased the unit, obtaining a warranty deed for the property from Nako. Constructive service of the amended complaint was made on Schmitz, who resides in Germany, and Schmitz, through his Florida attorney, filed his answer and affirmative defenses.
Ryan filed a motion requesting that Schmitz produce certain documents, including all correspondence between Schmitz and Nako, all purchase and closing documents relating to the purchase of the disputed condominium unit, all title insurance policies on the unit, and all documents pertaining to investments and loans with Nako. A hearing was held on the motion, and an order was entered on January 25, 1982, directing Schmitz to produce the requested items no later than February 25, 1982.
The record contains no explanation as to why Ryan did not follow the current rules of procedure and simply serve on Schmitz a request for production pursuant to Florida Rules of Civil Procedure 1.350 rather than filing a motion which required a hearing and order by the court. Also, the record indicates that the order requiring production, although dated January 25, 1982, was not filed with the clerk of the court until March 15, 1982. In his brief, Schmitz' attorney represents that he did not receive a copy of the order until March 15, 1982. The order itself does not show date of delivery to Schmitz' attorney. The record does not show whether Schmitz' attorney was present at the hearing on the motion. For purposes of this review, therefore, we hesitate to hold Schmitz fully accountable for response to the January 25 order because it does not appear that Schmitz had notice of it at that time.
In any event, Schmitz filed no response to the order prior to the February 25, 1982 deadline. On March 5, 1982, Ryan filed a motion to compel and for sanctions against Schmitz for his failure to produce the documents as ordered. On March 15, 1982, the court entered another order requiring Schmitz to produce the documents within fifteen days or suffer entry of a default.
On March 25, 1982, Schmitz' attorney filed a response which consisted of a copy of the title policy and a statement that Schmitz was attempting to get purchase and closing documents which were in Nako's possession. As to the rest of the requested items, the response said, "None." On April 1, 1982, Schmitz' attorney filed a supplemental response which, according to Ryan's motion for default, consisted of copies of the warranty deed, a part of the *1015 purchase agreement with signatures omitted, and an approval letter from a prospective mortgagee. The supplemental response included a statement that these were all of the requested documents which were in Schmitz' possession or to which he had access by means of reasonable diligence.
On April 8, 1982, Ryan filed a motion for default against Schmitz for failure to comply with the court's prior orders to produce. On April 12, 1982, at a hearing which Schmitz' attorney attended, the court granted the motion for default. A rehearing was requested by Schmitz and was held on May 10, 1982. In the interim Schmitz filed an affidavit executed and notarized in Germany which was not responsive to the order to produce and which stated that at the time of his purchase of the unit he had no knowledge of the Ryan suit or of any other contract to purchase the unit and that he had "paid or become obligated to pay" the entire purchase price for the unit. The court then entered the default judgment against Schmitz which is the subject of this appeal.[1]
The default judgment stated that Schmitz had willfully failed to comply with two previous court orders directing him to produce the specified documents, that Schmitz had not furnished the court with any sworn response or explanation for his failure to comply with the orders, and that the responses made by Schmitz failed to meet a minimal compliance with the orders. The default judgment ordered Schmitz to convey all his right, title and interest in the condominium unit to Ryan within ten days.
The record is unclear as to the ultimate effect of the default judgment on the two ostensible purchasers, Schmitz and Ryan. For example, we cannot determine whether Schmitz loses his down payment (apparently $14,974) or whether Schmitz had fully paid for the unit and loses the entire value of the property. Nor can we determine whether Ryan would gain a condominium unit with no expenditure beyond her $10,950 down payment. Under our disposition of the case, however, it is unnecessary to determine whether the default judgment went further in its effect than it should have done or further than the relief requested by Ryan.
In arriving at our decision to reverse, we begin with basic concepts expressed by Judge Kanner in Evans v. Hydeman, 168 So.2d 183 (Fla. 2d DCA 1964):
The established rule in Florida, either as to the opening of defaults or the vacating of judgments, is that these are matters of judicial discretion and that, in case of reasonable doubt, where there has been no trial upon the merits, this discretion is usually exercised in favor of granting the application for such a procedure so as to permit determination of the controversy upon the merits.
Id. at 189.
[T]here has long existed in Florida the policy of liberality in the opening of defaults and the vacating of judgments to the end that substantial justice might be achieved.
Id. at 191. In the instant case, substantial doubts exist as to the cognizance of Schmitz, a German citizen located in Germany, of his obligations (particularly regarding the January 25 order); the extent to which Schmitz complied or was able to comply with those obligations; and the actual impact of the default judgment on Schmitz and Ryan.[2]
In reaching our decision, we have considered a fine distinction between the willful failure of Schmitz to comply, as found *1016 by the trial court, and the absence of a showing that Schmitz' failure to produce the documents was an outright refusal to obey the court's orders. See Metro Sporting Goods, Inc. v. Mutual Employers Trademart, Inc., 176 So.2d 578 (Fla. 3d DCA 1964). We do not intend to condone under other circumstances anything less than full and complete responses to discovery requests. We simply conclude that under these peculiar circumstances the cause should be remanded for such other proceedings as the trial court shall determine to be proper, consistent with the views expressed in this opinion. Under our understanding of the circumstances, this would simply include giving Schmitz one more chance. Such additional chance may include specific direction for him to state under oath what documents, if any, he has had which he has not produced; why he is unable to produce them, if that is the case; and where they are or were last located.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT HEREWITH.
HOBSON, A.C.J., and GRIMES, J., concur.
NOTES
[1] We have been frustrated by the inadequate record supplied on this appeal which cannot be remedied by appendices attached to briefs. In any event, the copies of documents in the appendices to briefs herein are incomplete. Including appendices with briefs pursuant to rule 9.220, Florida Rules of Appellate Procedure, is often extremely helpful to this court. However, appendices were not intended to be substitutes for a record containing all documents pertinent to the appeal.
[2] After the default judgment and the notice of appeal, Schmitz filed, together with a motion to supplement the record on appeal, another affidavit, executed and notarized in Germany, stating that he did not have in his possession, and could not "by reasonable diligence" obtain the items requested except for the documents previously produced. The trial court denied that motion and struck the affidavit, noting that it was not before the court at the time of the rehearing and entry of default judgment. There was no appeal from the order denying the motion to supplement and striking the affidavit. The doubts which we have expressed exist notwithstanding that second affidavit.