432 So.2d 742 (1983)
BROWARD COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
Norma PERDUE and Earl L. Perdue, Her Husband, Appellees.
Nos. 82-2339, 82-2353.
District Court of Appeal of Florida, Fourth District.
June 8, 1983.
Mark R. Boyd of Walsh, Theissen & Boyd, P.A., Fort Lauderdale, for appellant.
*743 Michael H. Gora of Wolff & Gora, Fort Lauderdale, for appellees.
HURLEY, Judge.
The issue here is whether the trial court abused its discretion by refusing to set aside a default which was incurred as a result of a clerical error. We answer in the affirmative and reverse.
The facts of the case are relatively simple. A summons and complaint were served upon Broward County Commissioner Marcia Beach. Commissioner Beach transmitted the documents to the county's chief trial counsel who reviewed the allegations, determined the availability of insurance coverage, and forwarded the documents to the county's risk management division for defense.
For reasons which will be explained in a moment, the county failed to file a timely responsive pleading which occasioned the entry of a default. Shortly thereafter, the plaintiffs filed a pleading styled, "Notice to Set for Jury Trial After Default." The county responded immediately by filing (1) a motion to set aside default, (2) a proposed answer and affirmative defenses, (3) a motion to dismiss the complaint and (4) various supporting affidavits. Testimony at a subsequent evidentiary hearing revealed that the summons and complaint had been inadvertently paper clipped to the back of another file and then replaced in a file cabinet. Irrespective of this undisputed showing, the trial court denied the county's motion to set aside the default.
It is the judicial policy of this state to be reasonably liberal in granting motions to set aside defaults. Schmitz v. Ryan, 427 So.2d 1013 (Fla. 2d DCA 1983). This policy reflects an ingrained preference for a trial on the merits and, therefore, "in a case of reasonable doubt, where there has been no trial upon the merits, ... [a trial court's] discretion is usually exercised in favor of granting the application so as to permit a determination of the controversy upon the merits." North Shore Hospital, Inc. v. Barber, 143 So.2d 849, 852 (Fla. 1962) (quoting Coggin v. Barfield, 150 Fla. 551, 8 So.2d 9 (1942)). To succeed on a motion to vacate a default, a movant must demonstrate that (1) the neglect is excusable, (2) there is a meritorious defense and (3) there has been an exercise of due diligence to seek relief upon learning of the default. Farmers Production Credit Ass'n v. Emperador Seafood, Inc., 416 So.2d 889 (Fla. 4th DCA 1982). In our view, all three elements were satisfied in the case at bar. Although each case must be evaluated on its own facts, clerical or secretarial error has usually been found to constitute excusable neglect where there has been no substantial prejudice to the plaintiff. See County National Bank v. Sheridan, Inc., 403 So.2d 502 (Fla. 4th DCA 1981). Here, the county immediately filed a proposed answer with affirmative defenses upon receipt of the plaintiffs' motion to set the cause for trial on damages. Thus, the county also satisfied elements two and three.
Accordingly, we conclude that the trial court's denial of the county's motion to vacate the default constitutes a gross abuse of discretion which requires reversal. In light of this decision, we need not pass upon the propriety of the trial court's denial of the county's motion to dismiss. However, on remand, we direct the trial court to permit the county to reassert its motion to dismiss for failure to comply with Section 768.28(6), Florida Statutes (1981).
REVERSED AND REMANDED for further proceedings consistent with this opinion.
DOWNEY and ANSTEAD, JJ., concur.