# YEISER v PRIVATE MORTGAGE ASSOCIATES

Case No. 90-014 AP (Lower Court Case No. 89-2372 CC26)

Eleventh Judicial Circuit, Dade County

November 1, 1990

## APPEARANCES OF COUNSEL

Stephen N. Montalto, Esquire, for appellant.

Jeffrey M. Feuer, Esquire, for appellee.

Before HENDERSON, NADLER, DAVIS, JJ.

## OPINION OF THE COURT

PER CURIAM.

This is an appeal of the trial court's order denying the appellant's (defendant below) verified motion to set aside the Final Judgment, which was entered ex-parte, when neither the appellant or her attorney appeared for the final hearing.

The trial court had scheduled the Final Hearing for July 27. On July 26, appellant's attorney filed a motion for continuance with the clerk's office, after the appellee's attorney opposed the motion. Appellant's attorney represented that he would be unable to attend the Final

Hearing on July 27, was unable to contact his client (appellant) who was traveling out-of-town, and requested another attorney to handle the matter. The other attorney also was unable to attend the scheduled hearing on July 27, and when the case was called no one was in Court on behalf of the appellant. Final Judgment against the appellant followed on August 17, and on September 19 the record reveals an order was entered denying the motion for a continuance.

The appellant filed a verified motion to set aside the final judgment or for relief from the judgment under Fla.R.Civ.P. 1.540, the motion accompanied by an affidavit. In her affidavit, the appellant asserted that when she was served with the original complaint and summons on April 4, she turned the matter over to her first attorney, and that the next time she heard anything about the matter was when she was served with a notice of the taking of her deposition in aid of execution, that she immediately retained another attorney who filed the motion to vacate the judgment. The motion to set aside the final judgment was heard and denied, and this appeal followed.

The case law is abundant regarding the setting aside of default judgments, under Florida Rules of Civil Procedure 1.540(b). The Court in *Broward County v Perdue,* 432 SO.2d 741 (Fla. 4th DCA 1983), stated as a guiding rule:

> It is the judicial policy of this state to be reasonably liberal in granting motions to set aside default. *Schmitz v Ryan,* 427 So.2d 1013 (Fla. 2d DCA 1983). This policy reflects an ingrained prefer-ence for a trial on the merits and, therefore, "in a case of reasonable doubt, where there has been no trial upon the merits, . . . (a trial court's) discretion is usually exercised in favor of granting the application so as to permit a determination of the controversy upon the merits." *North Shore Hospital, Inc. v Barber,* 143 So.2d 849, 852 (Fla. 1962).

Thereafter, the Court set forth the requirements that a party must meet in order to set aside a default judgment:

> To succeed on a motion to vacate a default, a movant must demonstrate that (1) the neglect is excusable, (2) there is a meritori-ous defense and (3) there has been an exercise of due diligence to seek relief upon learning of the default.

It is the opinion of this Court that the appellant has satisfied all these elements and the order denying the motion to set aside the judgment should be reversed and remanded for further proceeding in accordance with this opinion.

REVERSED and REMANDED.