644 So.2d 611 (1994)
Jerome SCHWARTZ, Appellant,
v.
BUSINESS CARDS TOMORROW, INC., a Delaware Corporation, Appellee.
No. 93-2661.
District Court of Appeal of Florida, Fourth District.
November 9, 1994.
Keith A. Seldin of Keith A. Seldin & Associates, P.A., Jupiter, for appellant.
G. Bart Billbrough and Geoffrey B. Marks of Walton Lantaff Schroeder & Carson, Miami, for appellee.
POLEN, Judge.
Jerome Schwartz appeals the trial court's order denying his motions to vacate the default entered on February 9, 1993, and the default final judgment entered on June 18, 1993. Appellant's motions were not filed until July 30, 1993.
Pursuant to Florida Rule of Civil Procedure 1.540(b), in setting aside a default, the trial court must determine inter alia (1) whether the defendant has demonstrated excusable neglect in failing to respond; (2) whether the defendant has demonstrated a meritorious defense; and (3) whether the defendant, subsequent to learning of the default, has demonstrated due diligence in seeking relief. Schneiderman v. Cantor, 546 So.2d 51 (Fla. 4th DCA 1989). The failure of the defendant to satisfy any one of these elements must result in a denial of the motion to set aside the default. In this case, appellant has failed to establish any of the necessary elements. Indeed, the record reflects extraordinary efforts by appellee to notify appellant that the lawsuit was going forward, and to attempt to induce some response to the litigation by appellant or his counsel. We affirm the trial court's denial of the motion as it pertains to the February 9, 1993 clerk's default.
Appellee has conceded that it was premature to enter the default final judgment. Accordingly, we reverse and remand for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
STONE and STEVENSON, JJ., concur.