771 So.2d 614 (2000)
Milton F. STEINHARDT, Petitioner,
v.
INTERCONDOMINIUM GROUP, INC., a Florida non-profit corporation, Palm Beach White House Association, Inc., a Florida non-profit corporation, and Palm Beach White House Association No. 3, Inc., a Florida non-profit corporation, Respondents.
No. 4D00-1245.
District Court of Appeal of Florida, Fourth District.
November 22, 2000.
Kenneth L. Dobkin, John R. Whittles and Gerald F. Richman of Richman Greer Weil Brumbaugh Mirabito, & Christensen, P.A., West Palm Beach, for petitioner.
L. Martin Reeder, Jr. of Greenberg Traurig, P.A., West Palm Beach, for respondents.
PER CURIAM.
Counsel for a deceased plaintiff (who also represents those who succeeded to the decedent's interest in the property that is the subject of the litigation below) seeks certiorari review of a non-final order denying his motion to dismiss the counterclaim filed against the decedent prior to his death, based on Florida Rule of Civil Procedure 1.260(a)(1), which requires the dismissal of a claim when a motion for substitution is not made within ninety days after death is suggested on the record. We have jurisdiction, see Nationwide Mut. Fire Ins. Co. v. Holmes, 352 So.2d 1233 (Fla. 4th DCA 1977); New Hampshire Ins. Co. v. Kimbrell, 343 So.2d 107 (Fla. 1st DCA 1977), and grant certiorari relief.
Following two non-evidentiary hearings, the trial court denied the motion to dismiss on a finding that the counterclaimants' delay in moving for substitution was the result of excusable neglect, over counsel's arguments that the counterclaimants were required to submit evidence, not mere representations of counsel, to show excusable neglect. The court also denied counsel's request for an evidentiary hearing on the motion.
In DiSarrio v. Mills, 711 So.2d 1355 (Fla. 2d DCA 1998), the court reversed an order finding excusable neglect and reinstated a dismissal, explaining as follows:
Excusable neglect must be proven by sworn statements or affidavits. Unsworn assertions of excusable neglect are insufficient. The Mills, having correctly sought relief under rule 1.540, must comply with its mandates.
Counsel for the Mills neither offered a verified motion nor testified under oath. Allegations of excusable neglect require more than mere legal conclusions. Argument by counsel who is not under oath is not evidence. Thus, the failure to verify the claim of excuse is fatal.
Id. at 1356-57 (citations omitted).
Although in this case there was no dismissal, the finding of excusable neglect *615 having prevented that result, we conclude that facts establishing the excusable neglect necessary to avoid dismissal also had to be proven, where they were not stipulated to by the opposing side. Accordingly, we quash the order denying the motion to dismiss and direct the trial court on remand to conduct an evidentiary hearing to determine whether the counterclaimants' delay in moving to substitute was the result of excusable neglect.
DELL, FARMER and GROSS, JJ., concur.