KLEIN, J.
We rarely reverse an order setting aside a default judgment based on excusable neglect; however, defendant’s utter disregard of the proceedings in this case was, as a matter of law, inexcusable.
Appellant plaintiff sued defendant as a result of the failure of the defendant to repay a loan, serving him on April 6, 2001. Plaintiff then served defendant with interrogatories, a request to produce, and requests for admissions. Defendant did not respond to the complaint or any of the other papers. Plaintiff then moved for a clerk’s default which was entered. Both the motion and the default were served on defendant.
On May 24, 2001, plaintiff moved for entry of a final judgment, submitting affidavits of the amounts due on the loan along with interest, attorney’s fees and costs and served these on defendant, and a money judgment was entered. Plaintiff then obtained a writ of execution and served notice on defendant by the sheriff to appear for a deposition in aid of execution in August 2001. Defendant failed to appear for his deposition, and plaintiff obtained a court order compelling defendant’s appearance. Defendant again failed to appear for his deposition. He was then held in contempt and ordered to be incarcerated, which prompted him to file a motion to set aside the final judgment.
The essence of the motion was that the defendant, who admitted receiving funds from plaintiff, had paid them into the account of a corporation. He therefore assumed that it was the corporation, not he, who owed the money. Defendant admitted having received the suit papers in April, but denied receiving other motions or notices, despite having been personally served by the sheriff for the first deposi *1173 tion in aid of execution and by a certified process server for the rescheduled deposition.
The motion to vacate the final judgment did not state that it was being filed under rule 1.540 or any other rule; however, we deem it to be a 1.540 motion based on excusable neglect. The rule governing the motion is significant in terms of our jurisdiction, because we have jurisdiction under rule 9.130(a)(5) to review orders entered on motions filed under rule 1.540. If this had not been a true final judgment, but rather a non-final order of default authorized by rule 1.500(b), the order would not have been appealable. Bruno v. A.E. Handy & Assoc., Inc., 787 So.2d 251 (Fla. 5th DCA 2001).
As to the merits, in Schwartz v. Business Cards Tomorrow, Inc., 644 So.2d 611 (Fla. 4th DCA 1994), this court stated:
Pursuant to Florida Rule of Civil Procedure 1.540(b), in setting aside a default, the trial court must determine inter alia (1) whether the defendant has demonstrated excusable neglect in failing to respond; (2) whether the defendant has demonstrated a meritorious defense; and (3) whether the defendant, subsequent to learning of the default, has demonstrated due diligence in seeking relief. Schneiderman v. Cantor, 546 So.2d 51 (Fla. 4th DCA 1989). The failure of the defendant to satisfy any one of these elements must result in a denial of the motion to set aside the default.
Gross neglect is not excusable, Otero v. Gov’t Employees, 606 So.2d 443 (Fla. 2d DCA 1992), and it would be minimizing defendant’s indifference to call it gross neglect. This was a chronic pattern of behavior, Mercury Marine Indus. v. Dillon, 779 So.2d 356 (Fla. 2d DCA 2000), reflecting an intentional refusal to respond, even to a court order, which continued until defendant was threatened with incarceration.
Accordingly, even though a greater showing (gross abuse of discretion) is required to reverse an order granting a motion to vacate a default judgment than is required to reverse a denial of such a motion, George v. Radcliffe, 753 So.2d 573 (Fla. 4th DCA 1999), plaintiff has met his burden here. Reversed.
STEVENSON and GROSS, JJ., concur.