821 So.2d 1263 (2002)
EDEN PARK MANAGEMENT, INC., a Delaware Corporation, authorized to do business as Martin Nursing and Restorative Care Center, Appellant,
v.
Catherine ZAGORSKI as the Personal Representative of the Estate of Catherine M. Dorman, Appellee.
No. 4D02-320.
District Court of Appeal of Florida, Fourth District.
July 31, 2002.
Diran V. Seropian, Esq. of Peterson, Bernard, Vandenberg, Zei, Geisler & Martin, West Palm Beach, for appellant.
Terrence Swartz, Esq. of Spiegel & Utrera, P.A., Coral Gables, for appellee.
MAY, J.
This is an appeal from an order granting a motion to vacate the dismissal of a nursing home action. The trial court dismissed the action due to plaintiff's counsel's failure to attend a docket call/jury trial calendar as directed by the court. The attorney filed a motion to vacate the dismissal, pursuant to Fla. R. Civ. P. 1.540, and alleged that he was out of the office due to a severe illness when the order came in. The motion was filed within days of the dismissal. The trial court granted the motion.
The defendant argues that the trial court erred in vacating the dismissal because the plaintiff failed to demonstrate a factual basis to support the motion. We agree and reverse.
We start with the premise that in order to vacate the default judgment, it was incumbent upon appellee to establish both excusable neglect by her lawyer and a meritorious defense to appellant's complaint.... The former must be established *1264 by a sworn pleading which states a legal excuse for failure to comply with the rules of procedure or by testimony under oath in support of an unsworn motion.
Hall v. Byington, 421 So.2d 817, 817 (Fla. 4th DCA 1982) (emphasis added, citation omitted). In this case, neither the pleading was sworn nor was sworn testimony introduced to establish a factual basis for the alleged neglect. Absent such a basis, the trial court abused its discretion in vacating the dismissal. See Citibank v. PNC Mortgage Corp. of America, 718 So.2d 300 (Fla. 2d DCA 1998). This does not preclude the trial court from accepting evidence to support the claim of excusable neglect upon remand.
The order is reversed and the case remanded to the trial court for proceedings consistent with this opinion.
POLEN, C.J., and GROSS J., concur.