949 So.2d 1155 (2007)
Jennifer Denise HALPERN, M.D., Maria Mazzitelli Romano, C.R.N.A., and South Broward Hospital District d/b/a Memorial Regional Hospital, Appellants,
v.
Andrea HOUSER and Paul Houser, her husband, Appellees.
No. 4D06-3083.
District Court of Appeal of Florida, Fourth District.
February 28, 2007.
*1156 Nancy W. Gregoire and Charles A. Morehead, III of Bunnell Woulfe Kirschbaum Keller McIntyre Gregoire & Klein, P.A., Fort Lauderdale, for appellants.
Andrew M. Moss of Kutner, Rubinoff & Bush, P.A., Miami, for appellees.
PER CURIAM.
The appellants, Jennifer Denise Halpern, M.D., Maria Mazzitelli Romano, C.R.N.A., and South Broward Hospital District d/b/a Memorial Regional Hospital, appeal a non-final order granting the appellees', Andrea and Paul Houser (the Housers), Motion for Relief from Judgment. We reverse and remand for the Housers to file a sworn Motion for Relief from Judgment and for the trial court to conduct an evidentiary hearing.
In May 2004, the Housers filed this medical malpractice action against the appellants, Jennifer Denise Halpern, M.D., Maria Mazzitelli Romano, C.R.N.A., and South Broward Hospital District d/b/a Memorial Regional Hospital. A year later, in July 2005, the trial court set the case for non-binding arbitration. On February 2, 2006, the arbitrator entered an arbitration award in favor of the appellants, finding that the appellants were not at fault and did not fall below the standard of care.
According to Florida Rule of Civil Procedure 1.820(h), a party has twenty days from service of the arbitrator's decision to move for a trial de novo. However, the Housers failed to move for trial de novo within twenty days of the arbitrator's decision, and consequently, on March 16, 2006, the trial court entered final judgment on the arbitration award and entered judgment in favor of the appellants.
On April 11, 2006, the Housers filed a Motion for Relief from Judgment pursuant to Florida Rule of Civil Procedure 1.540(b). In their motion, the Housers alleged that they drafted and signed a Request for Trial De Novo, dated February 20, 2006, and while they "believed that the Request was mailed to opposing counsel and to the clerk of court, neither received the Request." The Housers alleged that the Request for Trial De Novo was "either inadvertently not mailed or lost in the mail by *1157 mistake." The Housers also alleged that on March 10, 2005, shortly after they were put on notice that the Request for Trial De Novo was not filed, they filed the Request with the clerk of the circuit court.
The trial court held a hearing on the Motion for Relief from Judgment, at which the Housers' counsel admitted that the Request for Trial De Novo was not timely filed. Furthermore, at the hearing, neither testimony nor sworn affidavits were presented; the parties' counsel merely presented their arguments to the court. The trial court held that the untimely Request for Trial De Novo was not jurisdictional and that the standards of Rule 1.540, "meritorious defense, excusable neglect and all" applied. Defense counsel argued that the Motion for Relief from Judgment did not satisfy the standards of Rule 1.540 because the motion was unverified. However, the trial court entered an order granting the Housers' Motion for Relief from Judgment.
On appeal, the appellants argue that the Motion for Relief from Judgment did not meet the requirements of rule 1.540 for three reasons: (1) the motion was not verified, (2) the motion did not show excusable neglect, and (3) the motion did not establish a meritorious defense. The Housers argue that the trial court correctly granted their Motion for Relief from Judgment due to their mistaken belief that their Request for Trial De Novo was mailed. However, the Housers agree that if a sworn motion, affidavit, or evidentiary hearing is required, this matter should be remanded for the introduction of sworn testimony.
A showing of gross abuse of discretion is necessary on appeal to justify reversal of the lower court's ruling on a motion to vacate. N. Shore Hospital, Inc. v. Barber, 143 So.2d 849, 852 (Fla.1962). Because the trial court granted relief, a higher standard is applied to overturn the decision than if the trial court had denied the motions. Geer v. Jacobsen, 880 So.2d 717, 720 (Fla. 2d DCA 2004).
A party against whom judgment has been entered pursuant to the rule requiring entry of judgment when the party fails to move for a trial de novo within twenty days of service of the arbitrator's decision is entitled to file a motion to vacate judgment under rule 1.540(a), Florida Rules of Civil Procedure. Preferred Mut. Ins. Co. v. Davis, 629 So.2d 259, 260 (Fla. 4th DCA 1993). However, this Court held that pursuant to Florida Rule of Civil Procedure 1.540(b), in setting aside a default, the trial court must determine (1) whether the defendant has demonstrated excusable neglect in failing to respond, (2) whether the defendant has demonstrated a meritorious defense; and (3) whether the defendant, subsequent to learning of the default, has demonstrated due diligence in seeking relief. Schwartz v. Business Cards Tomorrow, Inc., 644 So.2d 611, 611 (Fla. 4th DCA 1994). This Court stated that the failure to satisfy any one of these elements must result in a denial of the motion to set aside the default. Id.
Furthermore, "Excusable neglect must be proven by sworn statements or affidavits. Unsworn assertions of excusable neglect are insufficient." Geer v. Jacobsen, 880 So.2d 717, 720 (Fla. 2d DCA 2004); see also Steinhardt v. Intercondominium Group, Inc., 771 So.2d 614, 614 (Fla. 4th DCA 2000). In Steinhardt, following two non-evidentiary hearings, the trial court denied a motion to dismiss a counterclaim finding that the counterclaimants' delay in moving for substitution was the result of excusable neglect. 771 So.2d at 614. The trial court rejected counsel's arguments that the counterclaimants were required to submit evidence, not mere representations of counsel, to show excusable *1158 neglect. Id. This Court reversed and remanded to the trial court to conduct an evidentiary hearing to determine whether the counterclaimants' delay in moving to substitute was the result of excusable neglect. Id. at 615. Similarly, in Eden Park Management, Inc. v. Zagorski, 821 So.2d 1263, 1264 (Fla. 4th DCA 2002), this Court concluded that the trial court abused its discretion in granting the plaintiff's rule 1.540(b) motion to vacate dismissal of action where the pleading and the testimony in support of the motion to vacate were not sworn; however, this Court found that the trial court was not precluded from accepting evidence to support the claim of excusable neglect upon remand.
In this case, only unsworn assertions of excusable neglect were presented. The attorneys in this case merely presented their arguments while not under oath, and the Motion for Relief from Judgment was not sworn or supported by affidavits. The Housers even concede that they did not present a sworn motion, affidavit, or testimony before the trial court. Therefore, in accordance with our decisions in Steinhardt and Zagorski, we conclude that this matter must be remanded to allow the Housers' counsel the opportunity to file a sworn Rule 1.540(b) motion and for the trial court to conduct an evidentiary hearing on the issue of excusable neglect.
We also find the cases cited by the Housers to be distinguishable. In Broward County v. Perdue, 432 So.2d 742 (Fla. 4th DCA 1983), this Court reversed the trial court's denial of the defendant's motion to set aside the default, finding that the movant had demonstrated (1) excusable neglect, (2) a meritorious defense, and (3) due diligence upon learning of the default. This Court stated, "Although each case must be evaluated on its own facts, clerical or secretarial error has usually been found to constitute excusable neglect where there has been no substantial prejudice to the plaintiff." Id. at 743. However, in Perdue, the defendant's motion to set aside default was supported by various affidavits and testimony at a subsequent evidentiary hearing, both of which are lacking in this case. Id. Furthermore, in Somero v. Hendry General Hospital, 467 So.2d 1103, 1106 (Fla. 4th DCA 1985), where this Court stated that relief pursuant to Rule 1.540(b) should be granted due to "secretarial error, reasonable misunderstanding, a system gone awry or any other foibles to which human nature is heir," a hearing was conducted at which plaintiff's counsel testified.
For these reasons, the trial court's order granting the Housers' Motion for Relief from Judgment is reversed and remanded for the Housers' counsel to file a sworn motion and for the trial court to conduct an evidentiary hearing on the issue of excusable neglect.
Reversed and Remanded.
GUNTHER, POLEN and HAZOURI, JJ., concur.