DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PETER J. BOWERS** and **PETER J. BOWERS, P.A.,**
Appellants,

v.

**ADRIEN ALLEZ, EDWARD CHERRY, CHARLES ANDREWS,** and
**MARCUS RICKER,**
Appellees.

No. 4D14-558

[May 6, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; David Crow, Judge; L.T. Case No. 502013CA012818.

Michael J. Pike and Daniel Lustig of Pike & Lustig, LLP, West Palm Beach, for appellants.

No brief filed for appellees.

FORST, J.

Appellants Peter J. Bowers and Peter J. Bowers, P.A. appeal the denial of their motion to set aside the judicial default and vacate the default judgment against them and in favor of Appellee Adrien Allez on his complaint against Appellants for various fraud and conversion counts. Appellants primarily argue that they meet the standard for setting aside the default judgment based on their claim of excusable neglect. We disagree that the factual allegations set forth in Appellants' motion amount to excusable neglect and therefore affirm on this issue. We also affirm as to Appellants' other contentions on appeal without further comment.

Allez filed a complaint against Appellants, and other defendants, alleging counts of fraudulent misrepresentation, aiding and abetting fraud, conversion, and aiding and abetting conversion in regards to an investment deal where Allez gave $400,000 to the other defendants to invest in real property. Appellants responded to the complaint with a motion for extension of time to answer the complaint, requesting an additional forty-five days because of ongoing personal and family medical issues. Appellants subsequently filed a motion to correct the date they

listed in the previous motion as the date by which they would respond to the complaint, specifically submitting that they would respond to the complaint by November 12, 2013. They failed to do so.

Upon expiration of the extension, Allez moved for judicial default against Appellants for failure to respond, and the trial court issued an order of default against Appellants. No response to this order was filed by Appellants. Allez then moved for default final judgment against Appellants, which the trial court entered. A few days later, Appellants moved to set aside the judicial default and vacate the default judgment against them. The motion alleged excusable neglect as a basis for setting aside the default and default judgment, in that Appellant Bowers had medical emergencies and had to tend to the medical emergencies of his parents, as well as underwent a separation from his former employer, during the time a response was required of him in the instant case. He also stated that, in his employment as an attorney, he had to prioritize servicing his other clients in their cases before handling matters in the instant case. A hearing was held on the motion, and the trial court ultimately denied it. This appeal follows.

"An order denying a motion to vacate a default judgment is reviewed under an abuse of discretion standard." *Mullne v. Sea-Tech Constr. Inc.*, 84 So. 3d 1247, 1248 (Fla. 4th DCA 2012).

Florida Rule of Civil Procedure 1.500(d) allows a trial court to set aside a default, and a default judgment if one has been entered, in accordance with rule 1.540(b). To set aside a default judgment for failure to file responsive pleadings under rule 1.540(b), "the trial court must determine (1) whether the defendant has demonstrated excusable neglect in failing to respond[;] (2) whether the defendant has demonstrated a meritorious defense[;] and (3) whether the defendant, subsequent to learning of the default, has demonstrated due diligence in seeking relief." *Halpern v. Houser*, 949 So. 2d 1155, 1157 (Fla. 4th DCA 2007). "The failure of the defendant to satisfy any one of these elements must result in a denial of the motion to set aside the default." *Lehner v. Durso*, 816 So. 2d 1171, 1173 (Fla. 4th DCA 2002) (quoting *Schwartz v. Bus. Cards Tomorrow, Inc.*, 644 So. 2d 611, 611 (Fla. 4th DCA 1994)).

"Excusable neglect is found 'where inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir.'" *Elliott v. Aurora Loan Servs., LLC*, 31 So. 3d 304, 307 (Fla. 4th DCA 2010) (quoting *Somero v. Hendry Gen. Hosp.*, 467 So. 2d 1103, 1106 (Fla. 4th DCA 1985)). District courts have also found that "illness or psychological condition can be a

valid ground for finding excusable neglect" under circumstances clearly interfering with the party's ability to take action in the court. *Paul v. Wells Fargo Bank, N.A.,* 68 So. 3d 979, 985 (Fla. 2d DCA 2011); *Rosenblatt v. Rosenblatt,* 528 So. 2d 74, 75-76 (Fla. 4th DCA 1988).

Here, Appellants' factual bases to set aside the default and default judgment do not amount to excusable neglect under the above-noted standard. Although Appellants allege medical issues with Bowers and his parents before and surrounding the time of service of the complaint, Appellants timely requested an extension because of those circumstances and subsequently obtained additional time to respond, stating that they could respond by November 12, 2013. However, they failed to do so and failed to request another extension of time. There were no allegations that Bowers' medical issues kept him hospitalized or incapable of communicating with the court at the time. In fact, per Appellants' motion, during this same time period, Bowers was prioritizing the cases of his clients and receiving continuances for their matters. Under the circumstances, Appellants' failure to timely file an answer or at least a request for another extension in a case where they were the defendants is not excusable, it is inexplicable. As set forth above, the trial court did not abuse its discretion in finding no excusable neglect. Since Appellants did not establish excusable neglect, their motion to set aside was properly denied. *Lehner,* 816 So. 2d at 1173.

*Affirmed.*

WARNER and GROSS, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**