DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NYC CONSTRUCTION GROUP, INC.,**
Appellant,

v.

**ANIEL JEROME,**
Appellee.

No. 4D21-1143

[February 2, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Samantha Schosberg Feuer, Judge; L.T. Case No. 50-2019-CA-000226-XXXX-MB.

Wendell Locke of Locke Law, P.A., Plantation, for appellant.

Jeff Tomberg of Jeff Tomberg, Esq., LLC, Boynton Beach, for appellee.

DAMOORGIAN, J.

NYC Construction Group., Inc. ("NYC") appeals the final judgment entered against it in the underlying breach of contract action. The final judgment was entered after NYC failed to appear for a scheduled evidentiary hearing. On appeal, NYC argues the trial court erred in denying its rule 1.540(b) motion for relief as its failure to appear was due to excusable neglect, namely a calendaring error. We agree and reverse.

By way of background, Aniel Jerome ("Plaintiff") entered into a contract with NYC for the construction of a new house. After construction commenced, Plaintiff and NYC began having disagreements and, ultimately, NYC did not complete construction of the house. In response, Plaintiff sued NYC for breach of contract. Plaintiff also included a contractor negligence count against NYC's qualifying agent. NYC answered the complaint, denied the material allegations, and raised several affirmative defenses, including that Plaintiff first breached the contract by failing to remit payment and ordering NYC to stop work. The qualifying agent separately moved to dismiss the negligence count against him, which the trial court granted via an agreed order.

During the pendency of the litigation, NYC's counsel moved to withdraw as counsel. The trial court granted the motion, gave NYC forty-five days to retain new counsel, and warned that failure to do so within that timeframe would "create a presumption that [NYC] no longer desires to have its position represented in the lawsuit and sanctions may be imposed by the Court." After NYC failed to retain new counsel within that timeframe, Plaintiff moved for default judgment and damages against both NYC and the qualifying agent. The trial court entered an order setting the hearing on Plaintiff's motion for December 3, 2020. Following the hearing, which NYC did not attend, the trial court entered final judgment against both NYC and the qualifying agent and awarded Plaintiff damages.

Before the written final judgment was entered, NYC, which now was represented by counsel, filed a verified rule 1.540(b) motion to vacate the judgment. Therein, NYC argued that its failure to appear at the hearing was due to a calendaring mistake. Specifically, NYC inadvertently calendared the hearing for December 4 rather than for December 3. NYC's counsel, who was retained on December 3, appeared for the miscalendared hearing and, after waiting more than thirty minutes, called Plaintiff's counsel who advised that the hearing had occurred the day prior. NYC's counsel filed the motion to vacate three days later. Based on these facts, NYC argued it established excusable neglect and due diligence. Moreover, citing to its affirmative defenses, NYC argued it had meritorious defenses. The motion also argued the court improperly entered judgment against the otherwise dismissed qualifying agent. The motion was signed under penalties of perjury by the qualifying agent and counsel.

The record reflects NYC's motion to vacate was heard at a hearing in February 2020; however, there is no transcript of the hearing. Following the hearing, the trial court entered an amended final judgment removing the qualifying agent. The amended final judgment made no mention of the motion to vacate. NYC thereafter filed a motion requesting entry of a written order denying the motion to vacate judgment. In the motion, NYC represented that the trial court verbally denied the motion during the hearing on the basis that NYC's "miscalendaring of the scheduled hearing did not constitute excusable neglect under Rule 1.540(b)(1)." The trial court did not enter the requested written order.

On appeal, NYC argues the trial court reversibly erred in denying the motion to vacate judgment as it clearly satisfied the elements for relief under rule 1.540(b). Plaintiff does not contest that NYC established the elements necessary to obtain relief under rule 1.540(b). Nonetheless, relying on case law discussing a trial court's power to impose sanctions, Plaintiff argues "the trial court must have concluded that NYC failed to

assert excusable neglect for failing to obtain counsel and denied the motion."

Florida Rule of Civil Procedure 1.540(b) allows a trial court to set aside a final judgment for excusable neglect. Fla. R. Civ. P. 1.540(b)(1). "Excusable neglect is found where inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir." *Bowers v. Allez*, 165 So. 3d 710, 711 (Fla. 4th DCA 2015) (citation and internal quotation marks omitted). The "claim that a failure to appear due to a calendaring or clerical error is the type of 'excusable neglect' or 'mistake' that warrants relief under rule 1.540(b) is well-supported in Florida law." *Acosta v. Deutsche Bank Nat'l Tr. Co.*, 88 So. 3d 415, 417 (Fla. 4th DCA 2012); *see also Giron v. Fairways of Sunrise Homeowners' Ass'n*, 903 So. 2d 1008, 1009 (Fla. 4th DCA 2005).

Here, the calendaring error was supported by the verified motion to vacate, signed and sworn to, by both NYC's counsel and the qualifying agent. Counsel's actions, which were unrebutted, also supported the assertion of a calendaring error. As such, NYC made a colorable claim which satisfied the excusable neglect prong for relief under rule 1.540(b). *See Acosta*, 88 So. 3d at 417 (holding that because "the alleged calendaring error was supported by the verified motion, signed and sworn to, by both counsel and the paralegal that made the error[,] . . . [t]he appellant thus made a colorable claim which satisfied the excusable neglect prong for relief under rule 1.540(b)"). Moreover, Plaintiff does not contest on appeal that NYC's failure to appear at the hearing was due to excusable neglect. Thus, notwithstanding the lack of transcript, there appears to be no factual dispute in this case that NYC is entitled to relief. *See Ocwen Loan Servicing, LLC v. Brogdon*, 185 So. 3d 627, 629–30 (Fla. 5th DCA 2016) (reversing the denial of a motion for relief under rule 1.540(b) in a case where the undisputed evidence established that counsel's failure to appear was due to excusable neglect). *Cf. Williams v. Jessica L. Kerr, P.A.*, 271 So. 3d 82, 83 (Fla. 3d DCA 2019) (affirming for lack of transcript because "[t]he errors articulated on appeal necessarily implicate some factual determinations and are not apparent on the face of the record").

To the extent Plaintiff suggests the trial court properly denied the motion as a sanction, we reject this argument as the record does not indicate that the motion was denied as a sanction. Moreover, the trial court could not deny the motion as a sanction without first providing NYC with notice of its intent to consider imposing sanctions, which the court in this case did not do. *See Celebrity Cruises, Inc. v. Fernandes*, 149 So. 3d 744, 750–51 (Fla. 3d DCA 2014) (recognizing that a court cannot impose

3

sanctions without first providing notice of its intent to do so and the opportunity to be heard); *see also Chappelle v. S. Fla. Guardianship Program, Inc.*, 169 So. 3d 291, 294–95 (Fla. 4th DCA 2015) (trial court erred in entering judicial default as a sanction without first considering the six factors delineated in *Kozel v. Ostendorf*, 629 So. 2d 817 (Fla. 1993), and making explicit findings as to each factor).

Accordingly, we reverse the amended final judgment and remand with instructions that the trial court grant NYC's motion for relief.

*Reversed and remanded.*

CIKLIN and KLINGENSMITH, JJ., concur.

\*         \*         \*

**Not final until disposition of timely filed motion for rehearing.**

4