DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WILLIE WRIGHT,**
Appellant,

v.

**REGIONS BANK,**
Appellee.

No. 4D22-2129

[May 10, 2023]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Corey Amanda Cawthon, Judge; L.T. Case No. 062021CC010018AXXXSO.

Willie J. Wright, Fort Lauderdale, pro se.

No appearance for appellee.

DAMOORGIAN, J.

Appellant, Willie Wright ("Wright"), seeks review of the default final judgment entered against him in the underlying action to recover on a past-due credit card account. We reverse the final judgment and the order denying the motion to set aside the default and remand for further proceedings.

The underlying action began with Appellee, Regions Bank ("the Bank"), filing a complaint to collect amounts allegedly owed by Wright on a credit card account with the Bank. Wright, pro se, moved for an extension of time to respond to the complaint. Before the county court ruled on Wright's motion, the Bank moved for summary judgment. Nearly five months later, with no action being taken by either party, the county court *sua sponte* entered two orders. The first order appointed a mediator and referred the case to mediation. The second order granted Wright's request for an extension of time. The second order also stated the court, "on its own motion pursuant to Rule 1.500(b), shall enter a default against

[Wright] without further notice or hearing" unless he filed a responsive pleading within ten days.

Shortly after the ten-day deadline expired, the county court *sua sponte* entered a default against Wright for failing to file a responsive pleading. Despite entry of the default, the parties participated in court-ordered mediation but were unable to reach an agreement. Apparently realizing a default had been entered against him, Wright filed his answer and affirmative defenses. Shortly thereafter, Wright also moved to set aside the default. The motion included Wright's affidavit in which he explained he timely filed his answer—but did so under the wrong case number. Also attached to the motion was a copy of the first page of the original answer Wright filed in the wrong case. The county court denied the motion on the basis Wright failed to act with due diligence in seeking relief. This appeal follows.

On appeal, Wright argues the county court abused its discretion in denying his motion to set aside the default on the basis that he failed to act with due diligence in seeking relief. We agree.

Florida Rule of Civil Procedure 1.500(d) provides, "[t]he court may set aside a default, and if a final judgment consequent thereon has been entered, the court may set it aside in accordance with rule 1.540(b)." Generally, "if the trial court enters a default judgment for failure to file responsive pleadings, and the defendant seeks to set it aside pursuant to Rule 1.540(b), the trial court must determine: '(1) whether the defendant has demonstrated excusable neglect in failing to respond[;] (2) whether the defendant has demonstrated a meritorious defense; and (3) whether the defendant, subsequent to learning of the default, has demonstrated due diligence in seeking relief.'" *Mullne v. Sea-Tech Constr. Inc.*, 84 So. 3d 1247, 1249 (Fla. 4th DCA 2012) (alteration in original) (quoting *Halpern v. Houser*, 949 So. 2d 1155, 1157 (Fla. 4th DCA 2007)); *see also Schwartz v. Bus. Cards Tomorrow, Inc.*, 644 So. 2d 611, 611 (Fla. 4th DCA 1994) ("The failure of the defendant to satisfy any one of these elements must result in a denial of the motion to set aside the default."). However, "[w]here, as here, a trial court denies a motion to vacate a default judgment based on a failure to exercise due diligence, '*the only issue to be addressed on appeal is whether the defendants demonstrated that they acted with due diligence in seeking relief from the default judgment.*'" *Fernandez v. Difiore*, 279 So. 3d 174, 176 (Fla. 4th DCA 2019) (emphasis added) (quoting *Fla. Eurocars, Inc. v. Pecorak*, 110 So. 3d 513, 515 (Fla. 4th DCA 2013)).

"In considering whether a party has made a 'timely application' to set aside a default, courts must evaluate both the extent of the delay as well

2

as the reasons for the delay." *Fla. Eurocars, Inc.*, 110 So. 3d at 515–16; *see also Elliott v. Aurora Loan Servs., LLC*, 31 So. 3d 304, 308 (Fla. 4th DCA 2010) (holding due diligence "is a test of reasonableness [which] must be evaluated based on the facts of the particular case").

Here, by moving to set aside the default nineteen days after it was entered, Wright acted with due diligence. *See Howard v. Gualt*, 259 So. 3d 119, 123 (Fla. 4th DCA 2018) (holding that by moving to vacate a default nineteen days after learning of the suit, the defendant "acted with due diligence to set aside the default"). Moreover, Wright's affidavit explained he was attempting to defend himself in several different cases pending in the same county court involving debts he allegedly owed, and that he timely filed the answer to the complaint in the wrong case. Wright also provided a copy of the first page of "Defendant's Answer and Affirmative Defenses" bearing a timestamp establishing that he indeed timely filed his answer in the wrong case.[1]

On these facts we hold that the county court abused its discretion in denying Wright's motion to set aside default on the grounds that he failed to act with due diligence. Accordingly, we reverse the final judgment and the order denying the motion to set aside default and remand for further proceedings consistent with this opinion.

*Reversed.*

KLINGENSMITH, C.J., and LEVINE, J., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] Although the county court informally noted Wright "arguably" demonstrated excusable neglect, our precedent suggests the timely—albeit errant—filing of Wright's answer constitutes excusable neglect. *See Somero v. Hendry Gen. Hosp.*, 467 So. 2d 1103, 1106 (Fla. 4th DCA 1985) ("[W]here inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir, then upon timely application accompanied by a reasonable and credible explanation the matter should be permitted to be heard on the merits."); *see also Viking Gen. Corp. v. Diversified Mortg. Invs.*, 387 So. 2d 983, 985 (Fla. 2d DCA 1980) ("The mistake envisioned by [Rule 1.540(b)] is the type of honest and inadvertent mistake made in the ordinary course of litigation.").