# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**NATHALIA FAWKES,**
Appellant,

v.

**SHAUN WIGNAL,**
Appellee.

No. 4D2023-3000

[September 11, 2024]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward A. Garrison, Judge; L.T. Case No. 502023SC012706.

Crystal L. Arocha and Michael J. Lynott of Milber, Makris, Plousadis & Seiden, LLP, Miami, for appellant.

No brief filed for appellee.

GERBER, J.

The defendant appeals from the county court's final judgment and from the county court's orders denying the defendant's post-judgment motions seeking to set aside the final judgment. The defendant argues her uncontested post-judgment motions demonstrated sufficient grounds to set aside the final judgment. We conclude the defendant's ultimate sworn motion for new trial and/or rehearing demonstrated sufficient grounds to warrant an evidentiary hearing on that motion. Thus, we reverse the order denying the defendant's motion for new trial and/or rehearing and remand for an evidentiary hearing on that motion.

### *Procedural History*

The plaintiff—a Palm Beach County resident—filed a pro se statement of claim for "libel [and] slander" in Palm Beach County Court against the defendant—a Broward County resident. The plaintiff's statement of claim alleged the defendant had made false allegations to their common employer, causing the employer to terminate the plaintiff, resulting in the

plaintiff losing his only income source. The plaintiff demanded $7,000 in damages against the defendant.

On October 24, 2023, the county court issued an order setting the case for a non-jury trial on November 6 at 1:00 pm. The order contained form language stating: "Failure of any party to fully comply with this Order may result in claims or defenses being dismissed or stricken or other sanctions."

The record does not contain a document indicating what occurred in court on November 6 at 1:00 pm. However, at 1:58 pm, the defendant filed with the Clerk's office, on a pre-printed blank motion, a pro se handwritten unsworn request for a "rescheduled hearing." The defendant alleged:

> I arrived [at the court] today [at] approximately 1:05 pm. [The] courtroom door was already locked. I waited and knocked on the door to see if someone was going to come back out but no one ever came. I was directed downstairs … to fill out [a motion form]. I understand personal reasons don't rule out anything. But I do sincerely apologize for the delay this has caused.
>
> My kids have been sick throwing up for the past [four] days.

The following day—November 7, 2023—the county court entered a final judgment in the plaintiff's favor. The judgment summarily stated:

> This cause came before the Court November 6, 2023, for non-jury trial. Plaintiff was self[-]represented; Defendant did not appear. Based upon the evidence presented, it is hereby
>
> ORDERED AND ADJUDGED that Plaintiff recover from the Defendant … the sum of seven thousand and no/100 ($7000.00) dollars, for which let execution issue.

The record does not indicate whether the county court had reviewed the defendant's request for a rescheduled hearing before the county court entered the final judgment.

The following day—November 8, 2023—the defendant filed a pro se unsworn request to set aside the final judgment and for rescheduled hearing. The defendant's request alleged:

2

I apologize for being late to the hearing. I arrived [five] minutes late due to my [one-year-old twins] being sick throwing up [and] waiting for a babysitter along with traffic. I did knock on the [courtroom] door numerous [times] to be let in. I waited a while before going downstairs to see if an officer [could] escort me into the [courtroom]. I was directed [downstairs and told] to file a motion. [After filing the motion,] I proceeded back to [the courtroom] to see if the doors had opened. I waited again after knocking again and couldn't get in the [courtroom]. I am a single parent of [two one-year-old twins] and … I don't believe that I owe [the plaintiff] anything. I am asking to have the final judgment set aside to prove my legal merit on this case as I have evidence to provide in court. I ask that you please reconsider this case and set another hearing so that I can prove myself.

The following day—November 9, 2023—the county court entered an order summarily denying the defendant's motion to set aside the final judgment. The county court did not explain why it had denied the motion.

Thirteen days later—on November 22, 2023—the defendant, represented by counsel, filed a motion for new trial and/or rehearing. The defendant's motion pertinently argued:

Pursuant to Fla. R. Civ. P. 1.530(a), "[a] new trial may be granted to all or any of the parties and on all or a part of the issues."

The Rule further states: "On a motion for a rehearing of matters heard without a jury, including summary judgments, the court may open the judgment if one has been entered, take additional testimony, and enter a new judgment." Fla. R. Civ. P. 1.530(a).

The [d]efendant's failure to timely appear was not an intentional act nor an intentional avoidance of th[e] [county court].

Pursuant to [Rule 1.540,] the court may relieve a party from a final judgment "on motion and upon such terms as are just…" for "mistake, inadvertence, surprise, or excusable neglect."

3

[In *Somero v. Hendry Gen. Hosp.*, 467 So. 2d 1103 (Fla. 4th DCA 1985), the Fourth District] concluded that, "where inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or ***any other of the foibles to which human nature is heir***, then upon timely application accompanied by a reasonable and credible explanation the matter should be permitted to be heard on the merits. It is a gross abuse of discretion for the trial court to rule otherwise." [*Id.* at 1106] (emphasis added).

[Here,] the [d]efendant's failure to appear for the [bench trial] was the result of excusable neglect, as demonstrated by the accompanying sworn [a]ffidavits outlining [the babysitter's late arrival] at the [defendant's] home to babysit her twin daughters and [the defendant's] issues with traffic traveling from one county to the next during lunch time traffic.

[The defendant] expressly denies the [plaintiff's] allegations … and [the defendant] has meritorious defenses based on the facts and improper venue.

(paragraph numbers omitted).

As referenced in the defendant's motion, the babysitter's affidavit pertinently swore:

On November 6, 2023, I arrived late to Defendant['s] apartment to babysit her daughters, due to reasons outside of my control.

Due to my tardiness, Defendant … left her apartment later than she anticipated as she had to remain at her apartment to watch over her twin daughters.

(paragraph numbers omitted).

The defendant's affidavit pertinently swore:

On November 6, 2023, the date of the subject Non-Jury Trial, I made arrangements to travel from my home in … Broward County to the Palm Beach County Main Courthouse … for the trial scheduled at 1:00 pm ….

4

I am a single mother, so I had arranged for [a] babysitter … to come to my apartment on the day of the trial, to babysit my one-year old twin daughters so I could attend this trial in the next county.

On November 6, [the babysitter] arrived late to my apartment ….

Once [the babysitter] got there, I drove to the Main Courthouse in West Palm Beach for the trial, at which point I encountered heavy traffic which combined with leaving my apartment late caused me further delay.

… I arrived to the Palm Beach County Courthouse at approximately 1:05 pm.

Once I cleared security, I went directly to Courtroom 6K for the trial, but the door was locked.

While at the Courthouse, I went to the Clerk of Court for additional information and guidance since I have never been to a trial before.

It was then that I was advised to file a motion explaining what happened and I did proceed to hand write and file a Motion For Rescheduled Hearing, which was filed within the hour of the trial (1:58pm) that I was attempting to attend.

I tried my best to arrive on time for the scheduled trial time, but was ultimately late, due to reasons outside of my control and I did not have any means of explaining that to the Court other than the Motion that I filed.

(paragraph numbers omitted).

Eight days later—on November 30, 2023—the county court entered an order summarily denying the defendant's motion for new trial and/or rehearing. The county court did not explain why it had denied the motion.

This appeal followed. The defendant's initial brief pertinently argues her uncontested post-judgment motions demonstrated sufficient grounds to set aside the final judgment—a meritorious defense, excusable neglect, and due diligence—and the county court's denial of those motions denied her due process. The plaintiff has not filed an answer brief.

### *Our Review*

Although the county court did not characterize its final judgment as a default final judgment, we treat the final judgment as such, as the only ground provided for the final judgment against the defendant was her failure to appear at the non-jury trial. Thus, in reviewing the county court's final judgment and its orders denying the defendant's post-judgment motions, we employ a mixed standard of review. *See Azure-Moore Invs. LLC v. Hoyen*, 300 So. 3d 1268, 1270 (Fla. 4th DCA 2020) ("We review the entry of a default final judgment for abuse of discretion. However, we review de novo the trial court's compliance with the requirements of due process.") (citations omitted); *VMD Fin. Servs., Inc. v. CB Loan Purchase Assocs., LLC*, 68 So. 3d 997, 999 (Fla. 4th DCA 2011) ("Whether the trial court has complied with the guarantees of due process is subject to de novo review. Due process requires that a party be given a real opportunity to be heard and defend in an orderly procedure, before judgment is rendered ....") (citations and quotation marks omitted); *Fast Funds, Inc. v. Aventura Orthopedic Care Ctr.*, 279 So. 3d 168, 171 (Fla. 4th DCA 2019) ("A trial court's denial of relief from judgment upon a showing of excusable neglect, including relief pursuant to Florida Rule of Civil Procedure 1.530, is reviewed for an abuse of discretion."); *Acosta v. Deutsche Bank Nat'l Tr. Co.*, 88 So. 3d 415, 417 (Fla. 4th DCA 2012) ("A trial court's denial of 1.540(b) relief is reviewed for an abuse of discretion.").

The county court correctly denied the defendant's first two motions, both of which were unsworn and unsupported by affidavits, and did not allege all elements necessary to set aside a default final judgment. *See, e.g.*, *Halpern v. Houser*, 949 So. 2d 1155, 1157 (Fla. 4th DCA 2007) ("Excusable neglect must be proven by sworn statements or affidavits. Unsworn assertions of excusable neglect are insufficient.") (citations omitted); *Fast Funds*, 279 So. 3d at 171 ("To set aside the default [judgment] pursuant to [rule 1.540(b)], the court must determine: (1) whether the defendant has demonstrated excusable neglect in failing to respond; (2) whether the defendant has demonstrated a meritorious defense; and (3) whether the defendant, subsequent to learning of the default, had demonstrated due diligence in seeking relief.") (citation, quotation marks, and brackets omitted).

However, the county court erred in denying the defendant's third motion—that is, her motion for new trial and/or rehearing. The defendant's third motion was supported by affidavits and facially demonstrated sufficient grounds to set aside the final judgment. The

defendant alleged the meritorious defense of improper venue. The defendant also alleged excusable neglect given the circumstances which had led her to allegedly arriving five minutes after the non-jury trial had been scheduled to occur. The defendant further acted with due diligence by having filed: (1) her first motion in person at the courthouse only fifty-eight minutes after the non-jury trial had been scheduled to occur; (2) her second motion the day after the county court had entered the final judgment; and (3) her third motion—through counsel—thirteen days after the county court's order denying the second motion.

By errantly denying the defendant's sworn and facially sufficient motion for new trial and/or rehearing, the circuit court denied due process to the defendant. Thus, we reverse the order denying the defendant's motion for new trial and/or rehearing, and remand for the county court to conduct an evidentiary hearing on that motion. *See Barton Protective Servs., LLC v. Redmon*, 387 So. 3d 353, 355-56 (Fla. 3d DCA 2023) ("Where a motion under rule 1.540(b) sets forth a colorable entitlement to relief, the trial court should conduct an evidentiary hearing to determine whether such relief should be granted. A motion for relief from judgment should not be summarily denied without an evidentiary hearing[.] … Where such a claim is raised … the trial court abuses its discretion in failing to conduct an evidentiary hearing on the motion.") (internal citations, quotation marks, and brackets omitted). Should the defendant meet her burden of proof on that motion, the county court shall vacate the final judgment and proceed accordingly.

*Reversed and remanded with directions.*

KLINGENSMITH, C.J., and LEVINE, J., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

7