506 So.2d 1177 (1987)
INTERCOASTAL MARINA TOWERS, INC., and American Centennial Insurance Company, Appellants,
v.
SUBURBAN BANK, Robert G. Curie, Aia, P.A., a/K/a Robert G. Currie, P.A., Architect, et al., Appellees.
Nos. 85-1840, 85-2208.
District Court of Appeal of Florida, Fourth District.
May 13, 1987.
Thomas R. Shahady and Jeffrey B. Smith of Cooper, Shahady, Frazier & Pugatch, P.A., Fort Lauderdale, for appellants.
*1178 Kathryn M. Beamer of Schuler & Wilkerson, P.A., West Palm Beach, for appellee-Currie.
DOWNEY, Judge.
Appellee, Suburban Bank, commenced this suit to foreclose its mortgage upon certain realty located in Palm Beach County owned by appellant, Intercoastal Marina Towers, Inc. Various other subordinate lienholders were also named as defendants. Before the cause was finally at issue additional parties joined the fray by way of counter, cross and third party claims. However, most of those claims had been disposed of when lienholder, Gentry & Linkous Construction Company, filed a motion to set the case for trial.[1] All parties, including Intercoastal Marina Towers, Inc., received a copy of said notice. The trial court entered an order setting the cause for trial on a date certain.[2] Several months prior to the trial date one of the lienholders filed a notice of conflict pursuant to local rule in which counsel notified the court and other counsel that he had a trial conflict before another circuit judge on that date. Thereafter, another lienholder moved to strike its claim so that it would not go to trial on April 1, 1985. Intercoastal received notice of this motion also. On April 1, 1985, the case was tried and judgment was entered April 8, 1985. However, Intercoastal neither appeared for trial nor did it timely receive a copy of the final judgment.
When Intercoastal received a copy of the judgment some two months later, it and American filed a motion to set aside the judgment, on June 19, 1985, alleging that they had no notice that the matter was set for trial, that they had not timely received a copy of the final judgment as required by the Florida Rules of Civil Procedure, and other grounds for relief. After a hearing, the trial court denied said motion on June 27, 1985. Appellants filed a motion for rehearing directed to the June 27th order and a "Renewed Motion to Set Aside the Final Judgment dated April 8, 1985." Those motions were denied and, on August 1, 1985, appellants filed their notice of appeal directed to the order of June 27, 1985, and two subsequent orders of July 11, and 26, 1985. The order of June 27th is characterized as a final order denying the defendants' motion to vacate the judgment entered against them.
We have carefully examined the record presented and conclude that we are without jurisdiction to review the order of June 27th because the notice of appeal was not timely filed. The notice would have been timely filed had the order of June 27th been a final order the rendition of which would be suspended by a timely notice of appeal. However, although appellants filed a timely motion for rehearing and the court actually considered it, there is no provision in the appellate rules for filing a petition to rehear an order entered upon a motion for relief under Florida Rule of Civil Procedure 1.540(b) and, therefore, rendition of said order is not affected by a motion for rehearing. Ramos v. State, 456 So.2d 1297 (Fla. 2d DCA 1984); Tacy v. Davis, 425 So.2d 603 (Fla. 4th DCA 1982); Potucek v. Smeja, 419 So.2d 1192 (Fla. 2d DCA 1982). That, of course, makes the notice of appeal filed August 1, 1985, untimely *1179 and precludes jurisdiction in this court.
Appellants contend that their renewed motion to vacate the judgment was proper and obviates the jurisdictional problem and the court erred in denying the relief sought therein. We reject that argument. Appellants sought relief pursuant to rule 1.540(b) and set forth various grounds therefor. If dissatisfied with the court's ruling thereon their remedy was by appeal, not be filing successive motions to vacate containing the same general grounds or even new ones, which could have been raised in the first motion. Purcell v. Deli Man, Inc., 411 So.2d 378 (Fla. 4th DCA 1982); Perkins v. Salem, 249 So.2d 466 (Fla. 1st DCA 1971).
Finally, appellants contend that the trial court erred in entering its orders taxing attorney's fees against appellants because the trial court was without jurisdiction in the matter at the time due to this appeal. While generally appellants' legal position would be sound, it is inapplicable here because the trial court had jurisdiction to make the award because it never lost jurisdiction in this case due to the untimely notice of appeal.
Accordingly, appellants' appeal is dismissed.
HERSEY, C.J., and GLICKSTEIN, J., concur.
NOTES
[1] The Gentry & Linkous motion for trial filed under the case style "Suburban Bank v. Intercoastal, et al.," Case No. 82-3089 CA (L) E, stated in pertinent part:

Comes now the Defendant, Gentry & Linkous, Inc., by and through its undersigned attorneys, and makes this its motion to specially set the above cause for trial, and as grounds state that the above cause is at issue and ready for trial. It is estimated that one day will be required for this trial.
[2] The order setting the trial date stated, in pertinent part:

This cause came on to be heard upon Gentry & Linkous Construction Co.' motion for order specially setting the above captioned case, and the cross-claim of Atlantic Products, Inc. oral motion for leave to amend, and the court having heard argument of counsel, and otherwise being advised in the premises, it is thereupon:
Ordered and Adjudged that the motion to specially set for non-jury trial docket shall be granted, and this action is hereby set in Division E for non-jury trial on April 1, 1985 at 9:30 a.m. in the Palm Beach County Courthouse, West Palm Beach, Florida... .