629 So.2d 259 (1993)
PREFERRED MUTUAL INSURANCE COMPANY, Appellant,
v.
Kenneth J. DAVIS, Appellee.
No. 92-3300.
District Court of Appeal of Florida, Fourth District.
December 15, 1993.
John N. Buso of John N. Buso, P.A., West Palm Beach, for appellant.
C. Brooks Ricca, Jr., and Leigh Lassiter Miller of Ricca & Whitmire, P.A., West Palm Beach, for appellee.
WILLIAM C. OWEN, Jr., Senior Judge.
This case involves the issue of whether a judgment entered under the mandatory provisions of rule 1.820(h), Florida Rules of Civil Procedure, when a party fails to move for a trial de novo within twenty days of the service of the arbitrator's decision is, by virtue *260 of such mandatory provision, immune to a motion to vacate under rule 1.540(a), Florida Rules of Civil Procedure. We answer that question in the negative and reverse.
Appellee filed this suit seeking damages for loss alleged to be covered under an insurance policy issued to him by appellant. The matter was sent to nonbinding arbitration under rule 1.820, Florida Rules of Civil Procedure. More than twenty days after service on the parties of the arbitrator's decision, no request or motion for trial de novo having been made within that time period, appellee moved for judgment on the decision. Upon receipt of appellee's motion, appellant's counsel became aware of his failure to timely file a request or motion for trial de novo and immediately filed a motion for relief under rule 1.540(a), Florida Rules of Civil Procedure. Notwithstanding that such motion asserted facts which, if true, would be sufficient to show excusable neglect, the trial court apparently concluded that (1) entry of judgment on the arbitration award was mandatory (as, indeed, we have held heretofore in Klein v. J.L. Howard, Inc., 600 So.2d 511 (Fla. 4th DCA 1992)) and, (2) such being the case, it was without discretion to vacate the judgment notwithstanding the provisions of rule 1.540(a), Florida Rules of Civil Procedure.
We see no logical reason why in nonbinding arbitration under section 44.103, Florida Statutes, a judgment on an arbitrator's decision mandatorily entered upon a party's failure to timely request trial de novo should enjoy a degree of finality and immunity from a motion to vacate under rule 1.540, Florida Rules of Civil Procedure, that other judgments and orders do not enjoy. Appellee has argued that nearly all of the cases in which relief has been granted under rule 1.540[1] involve cases where the parties had not had a trial on the merits, whereas in the instant case the merits had been presented to and decided by an arbitrator and therefore appellant should not be entitled to the same policy of liberality as granted to a party against whom a default judgment had been entered. We think that argument overlooks the fact that in nonbinding arbitration under rule 1.820, Florida Rules of Civil Procedure, the procedure is quite informal, the rule encouraging restrictions on live testimony and placing primary emphasis on presentation through statements and arguments of counsel. Such a procedure simply does not suffice as a substitute for trial to which the parties are entitled.
Appellee also argues that under the holding of Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327 (Fla. 1989), the trial court does not have the authority to overturn an arbitrator's award except upon one of the five grounds set forth in section 682.13(1), Florida Statutes. That statute, pertaining to an award entered in a binding arbitration, is not applicable to this case. An arbitrator's decision in nonbinding arbitration under section 44.103, Florida Statutes, may be "vacated" without any grounds whatever, upon the *261 simple expedient of timely filing a request or motion for trial de novo. The issue here is not whether there exists a valid ground for "vacating" the arbitrator's award. The issue here is whether the judgment mandatorily entered upon that award when a timely motion for trial de novo is not filed, may be vacated and a trial de novo granted upon a proper showing under rule 1.540(a) that the failure to timely file a motion for trial de novo was due to excusable neglect.[2]
It is apparent to us from the record that the trial court, in denying the motion to vacate, did not consider that motion on its merits but denied the motion because it concluded that it had no discretion to consider it. That motion should be considered on its merits and in light of case law pertaining to motions to vacate for excusable neglect under rule 1.540(a), Florida Rules of Civil Procedure. If the motion is found to be meritorious, the judgment should be vacated and the untimely filed motion for trial de novo should be granted as though it had been timely filed.
The order denying the motion to vacate is reversed and this cause remanded for further proceedings consistent with the views expressed herein.
HERSEY and KLEIN, JJ., concur.
NOTES
[1] See, e.g., Crystal Lake Golf Course v. Kalin, 252 So.2d 379 (Fla. 4th DCA 1971) (failure to attend pretrial conference deemed to have been caused by excusable neglect of counsel's secretary, who failed to diary same; judgment reversed and remanded for proceedings on the merits); Travelers Ins. Co. v. Bryson, 341 So.2d 1013 (Fla. 4th DCA 1977) (failure to appear at hearing on motion for default deemed to have been caused by excusable neglect because counsel failed to properly note the hearing date on his calendar  cause reversed and remanded for proceedings on the merits); Supro Corp. v. Bridwell, 361 So.2d 734 (Fla. 4th DCA 1978) (defendant's failure to appear at trial shown to have occurred because the "file had been misplaced" due to the attorney "moving his official residence"; trial court would not impose severe penalty of default; new trial granted); Broward County v. Perdue, 432 So.2d 742 (Fla. 4th DCA 1983) (default judgment vacated and cause remanded because failure to answer complaint resulted when summons and complaint were inadvertently paper-clipped to a file and misplaced); Wood v. Fortune Ins. Co., 453 So.2d 451 (Fla. 4th DCA 1984) (defendant's failure to file a response to a request for admissions, where "counsel had in place a tickler system that broke down," entitled defendant to relief because when the "system breaks down and the merits are never reached," justice is not served); Somero v. Hendry General Hospital, 467 So.2d 1103 (Fla. 4th DCA), rev. denied, 476 So.2d 674 (Fla. 1985) (failure to seek substitution of the personal representative of an estate within 90 days after suggestion of death was filed, did not preclude cause from proceeding on the merits, where there was "secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir"); Winn Dixie Stores v. Danielsen, 544 So.2d 320 (Fla. 4th DCA 1989) (failure to file answer due to secretarial error was excused, given that there was "due diligence in seeking relief on the same day default was discovered").
[2] Although appellant's motion sought relief under rule 1.540, it was filed several days before entry of the mandatory judgment. It was in essence seeking relief in the form of being allowed to file a motion for trial de novo beyond the time limit set by rule 1.820(h), based upon the grounds of excusable neglect, a basis which under rule 1.090(b) would permit the trial court to extend the time for filing, even though the request comes after the time for filing has otherwise expired. We can see no reason why rule 1.820(h), Florida Rules of Civil Procedure, should not be subject to the clear provisions of rule 1.090(b), Florida Rules of Civil Procedure.