POLEN, J.
Appellant, Charlotte Taylor, appeals three separate non-final orders from the trial court below, in favor of Appellee, the City of Lake Worth (“City”). We dismiss for lack of jurisdiction, due to Taylor’s failure to timely file an appeal of the final order below.[1]
This case has a somewhat complicated factual scenario, as it involves a judgment *138 on the property of a third individual in this case, Michael M. Phillips, and the interests of Appellant, Greenpoint Mortgage Corp. (“Greenpoint”) and the City. In 1999, Taylor filed a complaint to quiet title against Greenpoint, alleging that she had obtained a lien upon the property of Phillips. Taylor executed the lien against the property and obtained a sheriffs deed to the property. Greenpoint also claimed a lien against the property, adverse to Taylor’s. The trial court held that Greenpoint had a valid claim on the sums due on its note and mortgage, and determined that Green-point’s lien was superior to any of Taylor’s claims. The property was sold in a foreclosure sale, and the trial court ordered the clerk to issue a certificate of title to the purchaser of the property, to disburse funds in the amount due under the mortgage to Greenpoint, and to disburse any remaining funds to Taylor.
At this point, the City intervened, and appealed to this court the trial court’s order to the clerk to disburse the surplus funds in the registry to Taylor. The City had filed two code enforcement orders against Phillips in 1999, and held liens against the property. The City also presented this argument to the trial court and asked that the order disbursing funds to Taylor be set aside, pursuant to Florida Rule of Civil Procedure 1.540(b). On July 18, 2005, the trial court entered an order revoking and rescinding its previous order, due to the fact that Taylor’s address was not listed on the final judgment against Phillips, nor did she record an affidavit containing her address when she recorded the judgment, as required by section 55.10(1), Florida Statutes.
On July 25, Taylor filed a motion to stay the disbursement of funds until the trial court could determine if the City’s liens were void or invalid. This motion was eventually denied on September 1, 2005. On August 11, Taylor filed a motion to vacate the order disbursing funds to the City, alleging that the trial court lacked jurisdiction to enter such an order, as the City had appealed the trial court’s original order disbursing funds to Taylor to this court. On August 18, the trial court denied this motion to vacate, based on the City’s representation that the appeal had been dismissed. On August 23, Taylor asked that this denial be vacated, as the appeal was still pending in this court, contrary to the City’s representation. The trial court denied the motion.
We find that Taylor’s motions to stay and to vacate the trial court order entered pursuant to Florida Rule of Civil Procedure 1.540(b) were untimely filed, resulting in this court’s lack of jurisdiction. Rule 1.540(b) provides in relevant part:
On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud ... misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be filed within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, decree, order or proceeding was entered or taken.
Fla. R. Civ. P. 1.540. Orders entered on motions filed under Rule 1.540 are reviewable pursuant to Florida Rule of Appellate *139 Procedure 9.130(a)(5). Rule 9.130(b) states:
The jurisdiction to seek review of orders described in subdivisions (a)(3)-(a)(6) shall be invoked by filing 2 copies of a notice, accompanied by the filing fees required by law, with the clerk of the lower tribunal within 30 days of the order to be reviewed.
(Emphasis added.) Jurisdictional time limits, such as the time for filing an appeal, cannot be extended for any reason. Epicor Software Corp. v. Coopers & Clarke, Inc., 928 So.2d 1249 (Fla. 3d DCA 2006).
In this case, Taylor did not file a direct appeal of the July 18 order until September 2, although she did file a motion to stay the disbursement of funds, and a motion to vacate the order. We have previously addressed this situation in Intercoastal Marina Towers, Inc. v. Suburban Bank, 506 So.2d 1177 (Fla. 4th DCA 1987). In that case, the defendant made a motion to set aside a judgment pursuant to Florida Rule of Civil Procedure 1.540. Id. at 1178. The trial court denied the motion on June 27, and the defendant filed a motion for rehearing and a renewed motion to set aside the final judgment. Id. These motions were denied, and the defendant filed an appeal in this court on August 1. Id. This court stated:
We have carefully examined the record presented and conclude that we are without jurisdiction to review the order of June 27th because the notice of appeal was not timely filed. The notice would have been timely filed had the order of June 27th been a final order the rendition of which would be suspended by a timely notice of appeal. However, although appellants filed a timely motion for rehearing and the court actually considered it, there is no provision in the appellate rules for filing a petition to rehear an order entered upon a motion for relief under Florida Rule of Civil Procedure 1.540(b) and, therefore, rendition of said order is not affected by a motion for rehearing. That, of course, makes the notice of appeal filed August 1, 1985, untimely and precludes jurisdiction in this court.
Appellants contend that their renewed motion to vacate the judgment was proper and obviates the jurisdictional problem and the court erred in denying the relief sought therein. We reject that argument. Appellants sought relief pursuant to rule 1.540(b) and set forth various grounds therefor. If dissatisfied with the court’s ruling thereon their remedy was by appeal, not by filing successive motions to vacate containing the same general grounds or even new ones, which could have been raised in the first motion.
Id. at 1178-79 (internal citations omitted).
We find that Taylor’s appeal of the trial court’s order was untimely, and dismiss the appeal for lack of jurisdiction.
STEVENSON, C.J., and STONE, J., concur.

. Michael M. Phillips, against whom Taylor received a judgment in a related case, filed a pro se cross-appeal of that judgment in this case. However, due to our lack of jurisdiction over the instant appeal, we find that we are also without jurisdiction to hear Phillips's cross-appeal.