974 So.2d 1219 (2008)
Sherril KALMAN, individually and as Personal Representative of the Estate of Edward Kalman, deceased, Appellant,
v.
PASCO-HERNANDO SURGICAL ASSOCIATES, P.L., Appellee.
No. 2D06-4309.
District Court of Appeal of Florida, Second District.
February 29, 2008.
Wil H. Florin of Florin Roebig, P.A., Palm Harbor, for Appellant.
Mark Hicks and Gary A. Magnarini of Hicks & Kneale, P.A., Miami, for Appellee.
WALLACE, Judge.
The trial court vacated a judgment that had been entered in favor of Sherril Kalman, individually, and as Personal Representative of the Estate of Edward Kalman, deceased, and against Pasco-Hernando Surgical Associates, P.L. (PHSA), in the amount of $644,359.72. The judgment was entered after PHSA failed to file a motion for trial in accordance with Florida Rule of Civil Procedure 1.820(h) within twenty days of the service of an arbitrator's decision in a nonbinding arbitration. See § 44.103(5), Fla. Stat. (2005). Ms. Kalman appeals the trial court's order that vacated the judgment.
We reject Ms. Kalman's argument that the trial court did not have jurisdiction to grant PHSA relief from the judgment under Florida Rule of Civil Procedure 1.540. See Preferred Mut. Ins. Co. v. Davis, 629 So.2d 259, 260 (Fla. 4th DCA 1993). In addition, the trial court's finding that the omission by PHSA's counsel to timely serve a motion for trial de novo resulted from mistake and inadvertence is amply supported by competent substantial evidence in the record. Ms. Kalman has failed to establish that the trial court grossly abused its discretion in deciding to grant PHSA relief from the substantial adverse judgment. See Geer v. Jacobsen, 880 So.2d 717, 720 (Fla. 2d DCA 2004); *1220 Halpern v. Houser, 949 So.2d 1155, 1157 (Fla. 4th DCA 2007). For these reasons, we affirm the trial court's order.
Affirmed.
WHATLEY and KELLY, JJ., Concur.