HAZOURI, J.
 

 Suntrust Bank appeals from the denial of its motion for relief from final judgment and its motion for rehearing on its motion for relief from final judgment. Margaret Hodges contends that this court lacks jurisdiction and this matter should be dismissed. We agree.
 

 The underlying ease arises from a negligence action by Hodges against Suntrust asserting that she sustained personal injuries when she tripped and fell on an uneven sidewalk adjacent to Suntrust’s parking lot. As the matter proceeded, the trial court entered an order referring this case to non-binding arbitration pursuant to Florida Rule of Civil Procedure 1.820. The arbitrator rendered his decision on May 15, 2008, certifying service, and then filed it with the trial court on May 20, 2008. The arbitrator ruled in favor of Hodges, awarding her damages in the amount of $206,000.
 

 On June 10, 2008, twenty-one days after the findings were filed, Hodges filed a motion for entry of a judgment in accordance with the arbitrator’s decision. She stated that, pursuant to Florida Rule of Civil Procedure 1.820(h), Suntrust had not filed a motion for trial de novo within the twenty days of service, and that the decision of the non-binding arbitrator was therefore final. The trial court granted Hodges’s motion and entered a final judgment.
 

 On June 16, 2008, Suntrust filed its motion for relief from final judgment pursuant to Florida Rule of Civil Procedure 1.540(b). In Suntrust’s motion for relief
 
 *1280
 
 from final judgment, it asserted
 
 inter alia
 
 that counsel for Suntrust had inadvertently failed to place the motion for trial
 
 de novo
 
 on the firm’s “tickler” system and, accordingly, the trial court should grant relief based upon excusable neglect.
 
 [1]
 
 On July 15, 2008, the trial court held a hearing on Suntrust’s motion finding no excusable neglect. It then entered an order on July 16, 2008, denying Suntrust’s motion for relief from final judgment.
 

 On July 25, 2008, Suntrust filed a
 
 motion
 
 entitled Defendant, Suntrust Bank’s, Motion for Rehearing on Defendant, Suntrust Bank’s Motion for Relief from Final Judgment Pursuant to Fla. R. Civ. P. 1.540(b). On August 18, 2008, the trial court entered an order denying the motion for rehearing. It is from this order that Suntrust filed its notice of appeal on August 25, 2008. The notice of appeal from the order of July 16, 2008, is more than thirty days from the entry of the final judgment. This deprives us of jurisdiction.
 

 Suntrust argues that its motion for rehearing filed on July 25, 2008, tolled the running of the thirty day period and that this court’s decision in
 
 City of Hollywood v. Cordasco, 575
 
 So.2d 301 (Fla. 4th DCA 1991), supports its assertion. We disagree and find
 
 Cordasco
 
 inapplicable.
 

 In
 
 Cordasco,
 
 the defendant filed a motion to vacate a default entered in favor of the plaintiff. This was filed before a judgment was entered. The trial court found that the defendant had not shown excusable neglect and initially denied the motion. The defendant filed a motion for rehearing. The opinion does not make clear whether it was filed before or after a default judgment was entered. The motion included affidavits that expanded on the defendant’s explanation of its neglect. The trial court also denied the motion for rehearing. On appeal, this court held:
 

 Although a legally insufficient motion to vacate a default cannot be corrected as a matter of
 
 right
 
 by a motion for reconsideration or hearing [sic], a trial court does have the inherent
 
 discretional
 
 power to reconsider any order entered prior to the rendition of final judgment in the cause.
 

 Id.
 
 at 302 (emphasis added) (citation omitted). Based upon this discretionary power, this court held “that the trial court may permit a party to cure a defective motion to vacate by filing a subsequent motion for rehearing which corrects the deficiency of the original motion to vacate.”
 
 Id.
 
 Because the motion for rehearing included the necessary affidavit to sufficiently establish excusable neglect, this court reversed the order denying the motion for rehearing.
 

 Cordasco
 
 is not applicable to the circumstances here because in the instant case, the motions for relief were filed after the final judgment was entered. Thus, consideration of the motion for rehearing was not discretionary. Second, although
 
 Cordasco
 
 was reviewed by this court and it assumedly found jurisdiction, the opinion does not say whether there were any jurisdictional issues raised.
 

 In
 
 Halpem v. Houser,
 
 949 So.2d 1155 (Fla. 4th DCA 2007), this court held:
 

 A party against whom judgment has been entered pursuant to the rule re
 
 *1281
 
 quiring entry of judgment when the party fails to move for a trial de novo within twenty days of service of the arbitrator’s decision is entitled to file a motion to vacate judgment under rule 1.540(a), Florida Rules of Civil Procedure.
 
 Preferred Mut. Ins. Co. v. Davis,
 
 629 So.2d 259, 260 (Fla. 4th DCA 1993).
 
 [2]
 

 Halpern,
 
 949 So.2d at 1157.
 
 See also Kalman v. Pasco-Hernando Surgical Assocs., P.L.,
 
 974 So.2d 1219, 1219 (Fla. 2d DCA 2008). However, in
 
 Intercoastal Marina Towers, Inc. v. Suburban Bank,
 
 506 So.2d 1177 (Fla. 4th DCA 1987), this court held:
 

 However, although appellants filed a timely motion for rehearing and the court actually considered it, there is no provision in the appellate rules for filing a petition to rehear an order entered upon a motion for relief under Florida Rule of Civil Procedure 1.540(b) and, therefore, rendition of said order is not affected by a motion for rehearing.
 

 Id.
 
 at 1178 (citations omitted).
 
 See also Frantz v. Moore,
 
 772 So.2d 581, 581 (Fla. 1st DCA 2000) (“Because a motion for rehearing of an order denying a motion for relief from judgment is not authorized, the motion for rehearing did not toll the time for filing a notice of appeal.”).
 
 [3]
 

 By dismissing this case for lack of jurisdiction, we need not reach the merits of the case. However, upon reviewing the record on appeal, we conclude the trial court did not err in denying Suntrust’s motion to set aside the judgment, as there was a failure on the part of Suntrust to demonstrate excusable neglect.
 

 Dismissed.
 

 FARMER and CIKLIN, JJ., concur.
 

 [1]
 

 . There were no issues as to whether Suntrust had a meritorious defense or acted with due diligence.
 

 [2]
 

 . Although
 
 Halpern
 
 and
 
 Preferred Mutual
 
 refer to rule subsection (a) on clerical mistakes, the opinions are discussing the application of rule 1.540(b) for excusable neglect.
 

 [3]
 

 . Effective January 1, 2009, the Florida Supreme Court codified the following in Florida Rule of Appellate Procedure 9.130(a)(5), which states:
 

 (5) Orders entered on an authorized and timely motion for relief from judgment are reviewable by the method prescribed by this rule. Motions for rehearing directed to these orders will not toll the time for filing a notice of appeal.