*1240
 
 PER CURIAM.
 

 We reverse the trial court’s denial of the appellant’s motion to vacate the default judgment entered against it in the foreclosure proceedings below. Because we conclude that the appellant raised one or more meritorious defenses, and because the trial court found that it met the other prerequisites for granting the motion, we reverse and remand for entry of an order vacating the default.
 

 H.F. Mitchell, Jr. held mortgages totaling $600,000 on four pieces of property owned by David and Mary Ann Padot. These properties included a house and the parcel on which it was located (collectively “the Padot home”). Household Finance Corporation, III (“HFC”) subsequently gave a second and third mortgage on the home, for $197,000 and $45,973.24, respectively. The following year, H.F. Mitchell, Jr. assigned an assignment of his mortgage on the Padot properties to his father, H.F. Mitchell, Sr.
 

 On July 23, 2009, after the Padots failed to make the June and July payments on the Mitchell mortgage, H.F. Mitchell, Sr. filed the instant suit to foreclose on his mortgage. He joined HFC as a defendant, based on the two junior mortgages it held on the Padot home.
 

 When HFC filed no responsive pleading to the complaint after its registered agent was served, Mitchell moved for default, serving the agent with a copy of the motion. The court granted the motion, and the clerk mailed a copy of the default judgment to the agent. In October and November of 2009, the agent was served with copies of Mitchell’s notice for bench trial and the trial court’s orders scheduling a ease management conference and setting the case for non-jury trial on December 15, 2009.
 

 On December 7 and 8, 2009, respectively, HFC filed an emergency motion to quash service and a motion to vacate default and continue the trial. Attached to the motion to vacate default was an affidavit of HFC employee Kathleen Sullivan, asserting that, due to improper sorting of the summons and complaint, she had not received a copy of these documents until November 11, 2009.
 

 On December 9, 2009, HFC filed separate answers as to each of its two mortgages on the Padot home. In these answers, it denied Mitchell’s right to foreclose generally, to foreclose on only one part of the property secured by the mortgage or to unlawfully foreclose out HFC’s junior lien rights. It also asserted a counterclaim for the value of the remaining collateral and denied that HFC’s mortgages should be treated as inferior to Mitchell’s. In addition, HFC asserted six affirmative defenses as to both of the mortgages: (1) a denial that Mitchell was the possessor of the note; (2) a claim that HFC’s mortgages were superior to all others; (3) failure to state a cause of action; (4) seUoff and reduction; (5) failure to mitigate damages; and (6) estoppel/marshalling. Finally, it reserved the right to amend its answers and affirmative defenses after it had an opportunity
 
 to
 
 conduct discovery.
 

 The trial court held a hearing on HFC’s Motion to Quash and Motion to Vacate Default and Continue Trial on December 15, 2009, prior to the start of the non-jury trial. Following the hearing, the trial court issued an order denying the motions, based on a finding that, although HFC had shown excusable neglect and due diligence, it had failed to establish a meritorious defense. It subsequently issued a Final Judgment in Foreclosure, awarding Mitchell a total of $389,093.15 in principal, interest, late charges and fees and ruling Mitchell’s lien on the property superior to the claims of HFC or any other defendant.
 

 The trial court erred in denying HFC’s motion to vacate the default. We
 
 *1241
 
 conclude that HFC raised at least one meritorious defense in its answer and affirmative defenses.
 

 A party moving to set aside a default must show that the failure to file a timely responsive pleading was due to excusable neglect, that there is a meritorious defense to the claim, and that the request for relief from default was made with reasonable diligence after it was discovered.
 
 See Hunt Exterminating Co., Inc. v. Crum,
 
 598 So.2d 113 (Fla. 2d DCA 1992);
 
 Venero v. Balbuena,
 
 652 So.2d 1271 (Fla. 3d DCA 1995);
 
 Elliott v. Aurora Loan Servs., LLC,
 
 31 So.3d 304 (Fla. 4th DCA 2010). The court must deny the motion if any one of the three elements is not established.
 
 See Schwartz v. Business Cards Tomorrow, Inc.,
 
 644 So.2d 611 (Fla. 4th DCA 1994). However, it must grant the motion to set aside default if there is reasonable doubt as to whether the moving party is entitled to relief.
 
 See Viets v. American Recruiters Enterps., Inc.,
 
 922 So.2d 1090 (Fla. 4th DCA 2006).
 

 In the context of a motion to set aside a default, “meritorious” means simply that the defendant plans to raise a defense that may have some merit. The movant need only show that the defense it has raised is meritorious, not that it is likely to succeed.
 
 See Rice v. James,
 
 740 So.2d 7 (Fla. 1st DCA 1999). A general denial does not rise to the level of a meritorious defense.
 
 See, e.g., Rivera v. Dep’t of Revenue ex rel. Rivera,
 
 899 So.2d 1265 (Fla. 2d DCA 2005). However, affirmative defenses, even when pled with minimal specificity, can qualify as meritorious.
 
 See, e.g., Elliott v. Aurora Loan Servs., LLC,
 
 31 So.3d 304 (Fla. 4th DCA 2010).
 

 At the very least, HFC’s estoppel defense, which encompassed an assertion of marshalling, may have some merit. Specifically, the responsive pleading states,
 

 Estoppel.
 
 The plaintiff is estopped from extinguishing the junior lienholders [sic] rights in the subject property because there is adequate property value in the remaining lots named in the Mortgage as collateral. Plaintiff seeks to unjustly and unlawfully extinguish the junior lienholders’ interests in said property to obtain said property free and clear and to profit thereby and has increased the amount necessary to redeem said property and said redemptive rights are guaranteed under Florida law.
 

 This affirmative defense, on its face, may have some merit. While we cannot say, based on the record on appeal, whether this defense actually has any likelihood of ultimate success at trial, this is not the test. HFC has set forth a sufficient theory and allegations to meet the minimal requirements for asserting a meritorious defense. Therefore, the trial court should have granted its motion to vacate the default, thus affording it the opportunity to engage in discovery and present its defenses at trial. We reverse the order denying the motion and remand with directions to enter an order vacating the default judgment against HFC.
 

 Reversed and remanded.
 

 PADOVANO, HAWKES, and MARSTILLER, JJ., concur.