# Third District Court of Appeal

## State of Florida

Opinion filed July 21, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-335
Lower Tribunal No. F98-14364
_____

**Negus Delhall,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Teresa Mary Pooler, Judge.

Negus Delhall, in proper person.

Ashley Moody, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.

Before EMAS, SCALES and MILLER, JJ.

PER CURIAM.

Negus Delhall appeals from an order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.[1] Delhall's motion was premised upon claims of newly discovered evidence.  We affirm the trial court's order in all respects.

---

[1] The order on appeal was rendered on August 13, 2020. Nearly two months later, on October 9, 2020, the trial court issued a separate order purporting to grant Delhall an extension of sixty days (until December 8, 2020) to file a notice of appeal of the August 12, 2020, order.   Delhall did not seek review of the August 13th order until January 19, 2021, and ultimately did so by petition for belated appeal pursuant to Florida Rule of Appellate Procedure 9.141(c).  This court granted that petition for belated appeal, see Delhall v. State, 3D20-1962, allowing Delhall to pursue this appeal.  While this court has the authority under appropriate circumstances to grant a belated appeal in a criminal case, we write to remind trial court judges that the thirty-day time limit for filing a notice of appeal is jurisdictional, and the trial court is without authority to enter an order "extending" the deadline within which a defendant must invoke this court's jurisdiction. Epicor Software Corp. v. Coopers & Clarke, Inc., 928 So. 2d 1249, 1251 (Fla. 3d DCA 2006) (noting that "jurisdictional time limits such as the time for filing a notice of appeal or a motion for a new trial, may not be extended for any reason") (quoting Bank One, N.A. v. Batronie, 884 So. 2d 346, 349 (Fla. 2d DCA 2004)); Cordero v. Washington Mut. Bank, 241 So. 3d 967, 968 (Fla. 3d DCA 2018) (holding: "An untimely appeal of a prior order cannot be revived by obtaining a new order to the same effect as the original and then filing the notice of appeal within thirty days of that most recent order."); Gunn v. State, 721 So. 2d 1251 (Fla. 4th DCA 1998) (holding "trial court did not have jurisdiction to extend the time within which appellant could file his notice of appeal). See also Slocum v. State, 95 So. 3d 911 (Fla. 1st DCA 2012) (dismissing, for lack of jurisdiction, defendant's appeal from order denying motion for postconviction relief because defendant failed to file notice of appeal within thirty days of rendition of the trial court's order); Caldwell v. Wal-Mart Stores, Inc., 980 So. 2d 1226 (Fla. 1st DCA 2008); Taylor v. Greenpoint Mortg. Corp., 939 So. 2d 137 (Fla. 4th DCA 2006).

Generally, a motion seeking postconviction relief under rule 3.850 will not be considered "if filed more than 2 years after the judgment and sentence become final. . . ." Fla. R. Crim. P. 3.850(b). However, when a postconviction claim is premised upon newly discovered evidence, a movant may seek relief beyond the two-year limitation if the motion alleges:

> [T]he facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, and the claim is made within 2 years of the time the new facts were or could have been discovered with the exercise of due diligence.

Fla. R. Crim. P. 3.850(b)(1).

The trial court made a preliminary determination that Delhall's motion contained one or more facially sufficient claims of newly discovered evidence, and properly granted an evidentiary hearing to resolve these claims. Harris v. State, 128 So. 3d 44, 46 (Fla. 3d DCA 2012) (noting: "Absent a record that conclusively refutes the allegations in the affidavit, or a finding that the newly-discovered evidence is inherently incredible, an evidentiary hearing generally will be required to resolve claims of newly-discovered evidence, especially when resolution of those claims necessarily requires the trial court to make credibility determinations") (citing McLin v. State, 827 So. 2d 948, 955–57 (Fla. 2002); Jones v. State, 591 So. 2d 911, 916 (Fla. 1991)). At the evidentiary hearing, the burden was on Delhall to

3

establish that the newly discovered evidence was of such nature that "it would probably produce an acquittal on retrial." Jones v. State, 709 So. 2d 512, 526 (Fla. 1998).

Following the evidentiary hearing, the trial court issued a thorough and well-reasoned sixteen-page order in which it considered and analyzed the admissible newly discovered evidence, evaluated the weight of both the newly discovered evidence and the evidence that had been introduced at trial, and determined Delhall failed to establish a reasonable probability that this newly discovered evidence would probably produce an acquittal at a new trial.

We review the trial court's "findings on questions of fact, the credibility of witnesses, and the weight of the evidence for competent substantial evidence." Marek v. State, 14 So. 3d 985, 990 (Fla. 2009) (citing Green v. State, 975 So. 2d 1090, 1100 (Fla. 2008)). See also Porter v. State, 788 So. 2d 917, 923 (Fla. 2001) (reaffirming: "So long as its decisions are supported by competent, substantial evidence, this Court will not substitute its judgment for that of the trial court on questions of fact and, likewise, on the credibility of the witnesses and the weight to be given to the evidence by the trial court. We recognize and honor the trial court's superior vantage point in assessing the credibility of witnesses and in making findings of fact.")

4

(Internal citations omitted). There is competent substantial evidence to support the trial court's findings and its ultimate conclusion that there is not a reasonable probability of an acquittal on retrial upon this claimed newly discovered evidence.

Affirmed.