# Third District Court of Appeal

## State of Florida

Opinion filed December 7, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-260
Lower Tribunal No. 11-21520CC
_____

**Wilmington Trust Company, etc.,**
Appellant,

vs.

**Normandy Shores Apartment Condominium Association, Inc., et al.,**
Appellees.


An Appeal from a non-final order from the County Court for Miami-Dade County, Natalie Moore, Judge.

Bryan Cave Leighton Paisner, LLP, and W. Bard Brockman, Damon J. Whitaker and Ezequiel J. Romero, for appellant.

Jeffrey B. Smith, P.A., and Jeffrey B. Smith (Fort Lauderdale), for appellee Benjie Sperling, as Trustee.


Before SCALES, LINDSEY and BOKOR, JJ.

PER CURIAM.

Appellant Wilmington Trust Company[1] seeks review of a January 6, 2022 order denying what the trial court correctly characterized as appellant's successive Florida Rule of Civil Procedure 1.540(b)(4) motion. We affirm because a successive rule 1.540(b)(4) motion is not cognizable by the trial court if the successive motion attempts to relitigate an issue adjudicated by a prior post-judgment order. See Parkhomchuck v. AIY, Inc., 338 So. 3d 397, 400 (Fla. 3d DCA 2022) ("[I]f the appellants were dissatisfied with the trial court's ruling on their first rule 1.540(b) motion, 'their remedy was by appeal, not be [sic] filing successive motions to vacate containing the same general grounds or even new ones, which could have been raised in the first motion.'" (quoting Intercoastal Marina Towers, Inc. v. Suburban Bank, 506 So. 2d 1177, 1179 (Fla. 4th DCA 1987))).[2]

Affirmed.

---

[1] As Successor to the Bank of New York Mellon, as Successor to JPMorgan Chase Bank, National Association, as Trustee for C-Bass Mortgage Loan Asset-Backed Certificates, Series 2006-CB3.

[2] Because a successive rule 1.540(b)(4) motion is not cognizable, the trial court could have stricken, rather than denied, appellant's successive motion. We do not, in this opinion, determine which adjudication method is the better practice.