DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**POLYMER EXTRUSION TECHNOLOGY INC.** d/b/a **GLASSLAM,**
Appellant,

v.

**GLASSHAPE MANUFACTURING, LTD.,**
Appellee.

No. 4D2023-0142

[November 8, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Hon. Carlos A. Rodriguez, Judge; L.T. Case No. CACE19-019553.

John D. Heffling of Hall Booth Smith, P.C., West Palm Beach, for appellant.

Adam M. Foslid and Elisa H. Baca of Winston & Strawn LLP, Miami, and Timothy A. Kolaya of Stumphauzer Kolaya Nadler & Sloman, PLLC, Miami, for appellee.

GROSS, J.

The defendant below, Polymer Extrusion Technology, Inc. ("Polymer"), appeals an order denying its motion to vacate a $5,250,000 judgment entered after it failed to timely move for a trial de novo following a non-binding arbitration. We reverse, holding that the trial court abused its discretion in failing to set aside the judgment.

### *The Pleadings*

Glasshape Manufacturing, Ltd. (the "plaintiff"), a glass manufacturer, sued Polymer, a resin manufacturer, alleging that Polymer supplied it with defective resin which caused discolored glass after UV exposure.

The plaintiff's complaint asserted three counts: (1) breach of implied warranty of merchantability; (2) breach of implied warranty of fitness; and (3) common law indemnification. Polymer answered and raised affirmative defenses, denying that the resin was defective. In addition, Polymer

contended that a limited warranty controlled the plaintiff's damages, if any, and asserted that the plaintiff was negligent either in its mixing of the resin or production of the laminated glass.

### The Non-Binding Arbitration

The parties participated in a non-binding arbitration on August 23, 2022, after submitting statements, summaries, an expert report and related materials. On August 31, 2022, the arbitrator issued a decision for the plaintiff for $5,250,000. At the outset, the arbitrator acknowledged that "there remains testimony to be elicited via depositions and/or expert analysis and reporting[.]" The arbitrator believed that "[w]hile additional evidence or testimony may be impactful and bolster the Defendant's position on the warranty, . . . the currently submitted and proffered warranty evidence is insufficient." The arbitrator also noted that "[s]everal of the arguments presented by the Defendant created doubt, but not enough in their current form to bar or overcome Plaintiff's claims, as they are presented." Ultimately, the arbitrator favored the plaintiff's expert's opinion over one offered by Polymer's expert on whether the resin was defective.

### Trial Court's September 2, 2022 Order Setting Case for Trial

On August 31, 2022, the trial court held a hearing on the plaintiff's previously-filed motion to specially set a jury trial. Two days later, the court set the case for trial during a jury trial docket beginning February 13, 2023.

### Polymer Fails to Request Trial de Novo

Polymer failed to timely request a trial de novo as required by Florida Rule of Civil Procedure 1.820(h).

### Polymer Moves to Vacate the Judgment

On October 11, 2022, the plaintiff moved for entry of final judgment. The same day, Polymer moved to vacate the judgment.

On October 19, Polymer filed an amended motion to extend the time to file a motion for trial de novo; in the alternative, it moved to vacate any judgment entered on the arbitrator's decision pursuant to Florida Rule of Civil Procedure 1.540(b)(1) on the grounds of excusable neglect, mistake, and inadvertence. Polymer further asserted that it "has meritorious defenses to Plaintiff's claims, including that the discoloration of laminated

glass . . . was not caused by the resin supplied by the Defendant, and that there is a limited warranty that would limit any damages recoverable by Plaintiff." Polymer pointed out that the arbitrator noted "in his decision that additional testimony and expert analysis is needed."

### *Affidavits in Support of Motion to Vacate*

Basically, the affidavits in support of the motion to vacate alleged a miscommunication between Polymer's counsel and his legal assistant, who was in the process of leaving his firm, and the failure of the assistant to calendar the deadline for filing a motion for trial. Polymer's counsel advised his assistant and her replacement that the arbitration did not go well and that a motion for trial would need to be filed as soon as the arbitrator's written decision came in. However, after the replacement assistant took over, she saw the September 2 order setting the case for trial, along with discovery and disclosure deadlines calendared by her predecessor, and she assumed that the setting was in response to a post-arbitration motion for trial.

### *The Final Judgment*

The trial court entered a final judgment on October 27, 2022, and allowed Polymer to schedule an evidentiary hearing on the motion to vacate.

### *Evidentiary Hearing on the Motion to Vacate*

At the hearing, Polymer's attorney testified consistently with the previously-filed affidavits. The plaintiff conceded that Polymer had acted with due diligence, but argued that "this is simply a situation where a party forgot about a deadline," which was not excusable neglect. The plaintiff also asserted that Polymer failed to establish a meritorious defense. Polymer's counsel replied that Polymer had "raised two defenses to this," and he also suggested that the arbitrator's decision supported the existence of a meritorious defense.

### *The Trial Court Denies the Motion to Vacate*

The trial court denied the motion to vacate, finding neither excusable neglect nor a meritorious defense. This appeal ensued.

### Standard of Review

"A trial court's denial of 1.540(b) relief is reviewed for an abuse of discretion." *Acosta v. Deutsche Bank Nat'l Tr. Co.*, 88 So. 3d 415, 417 (Fla. 4th DCA 2012). We apply "abuse of discretion, not gross abuse, as the standard of review, when the trial court has denied a motion to vacate." *George v. Radcliffe*, 753 So. 2d 573, 575 (Fla. 4th DCA 1999). By contrast, the higher standard of "gross abuse of discretion" must be satisfied to overturn a trial court's decision *granting* relief from judgment. *Halpern v. Houser*, 949 So. 2d 1155, 1157 (Fla. 4th DCA 2007).

### The Interplay of Rules 1.820(h) and 1.540(b)

If a party fails to move for a trial de novo "within 20 days of service on the parties of [an arbitrator's] decision" in a non-binding arbitration, the decision "shall be referred to the presiding judge, who shall enter such orders and judgments as may be required to carry out the terms of the decision." Fla. R. Civ. P. 1.820(h). If the presiding judge enters a final judgment, a motion to vacate that judgment "should be considered on its merits and in light of case law pertaining to motions to vacate for excusable neglect" under Florida Rule of Civil Procedure 1.540. *Preferred Mut. Ins. Co. v. Davis*, 629 So. 2d 259, 261 (Fla. 4th DCA 1993). Florida public policy favors "deciding a case on its merits rather than on a technicality." *J.J.K. Int'l, Inc. v. Shivbaran*, 985 So. 2d 66, 69 (Fla. 4th DCA 2008).

On a defendant's motion to set aside a default judgment under rule 1.540(b), the defendant must demonstrate excusable neglect in failing to respond as required, the existence of a meritorious defense, and due diligence in seeking relief after learning of a default. *Wright v. Regions Bank*, 360 So. 3d 427, 428 (Fla. 4th DCA 2023).

### Excusable Neglect

"Excusable neglect is found where inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir." *Elliott v. Aurora Loan Servs., LLC*, 31 So. 3d 304, 307 (Fla. 4th DCA 2010) (internal quotation marks omitted).

A calendaring error by an attorney or an attorney's staff constitutes excusable neglect. *See Pierre v. Am. Sec. Ins. Co.*, 346 So. 3d 62, 63 (Fla. 4th DCA 2022) ("A calendaring error by an attorney's staff is one of the common reasons that relief is granted under rule 1.540(b)(1)."); *Suntrust Mortg. v. Torrenga*, 153 So. 3d 952, 953 (Fla. 4th DCA 2014) (finding

4

excusable neglect where, due to a clerical or administrative error, an attorney failed to calendar the trial date into her internal case management system and thus failed to appear at trial); *Al Hendrickson Toyota, Inc. v. Yampolsky*, 695 So. 2d 948 (Fla. 4th DCA 1997) (noting that "the established case law deems that calendaring errors are regarded as excusable neglect"); *but see Suntrust Bank v. Hodges*, 12 So. 3d 1278, 1280–81 (Fla. 4th DCA 2009) (dismissing appeal for lack of jurisdiction but nonetheless stating in dicta that the defendant failed to establish excusable neglect where counsel for defendant "had inadvertently failed to place the motion for trial *de novo* on the firm's 'tickler' system").

By contrast, excusable neglect will not be found where a party or his attorney "(1) simply forgot or (2) intentionally ignored the necessity to take appropriate action; that is to say, where the conduct could reasonably be characterized as partaking of gross negligence or as constituting a willful and intentional refusal to act." *Somero v. Hendry Gen. Hosp.*, 467 So. 2d 1103, 1105–06 (Fla. 4th DCA 1985); *see also Chernoff Diamond & Co. v. Gallin Assocs., Inc.*, 258 So. 3d 563, 563 (Fla. 2d DCA 2018) (no excusable neglect where defendant's president "forgot about the lawsuit until he received notice of the entry of a final judgment"); *In re J.B.*, 990 So. 2d 520, 522 (Fla. 2d DCA 2008) (no excusable neglect where mother in termination of parental rights proceeding "just forgot" about the trial).

Here, the situation surrounding the missed deadline for filing a motion for trial de novo constitutes excusable neglect. The circumstances ultimately boil down to a calendaring error stemming from a series of oversights and miscommunications between Polymer's counsel and his legal assistants. This was not a case where Polymer's counsel "simply forgot" about the motion for new trial.

Notably, the transition between legal assistants is further evidence of a system gone awry, as the new assistant had an understandable misunderstanding in believing that a motion for trial de novo had already been filed by her predecessor, because her predecessor had calendared various deadlines associated with the February 2023 trial date.

### *Meritorious Defense*

In the context of a typical rule 1.540(b) motion, a "meritorious defense may be shown by either an unverified pleading or an affidavit." *Gibraltar Serv. Corp. v. Lone & Assocs., Inc.*, 488 So. 2d 582, 584 (Fla. 4th DCA 1986). A meritorious defense "means simply that the defendant plans to raise a defense that may have some merit. The movant need only show that the defense it has raised is meritorious, not that it is likely to

succeed." *Household Fin. Corp., III v. Mitchell*, 51 So. 3d 1238, 1241 (Fla. 1st DCA 2011). "[A]ffirmative defenses, even when pled with minimal specificity, can qualify as meritorious." *Id.*

Assuming the requirement of demonstrating a meritorious defense applies,[1] Polymer made a sufficient showing for the purpose of its motion to set aside the judgment. Polymer's answer to the complaint asserted several affirmative defenses, including that the defective glass was caused by the plaintiff's own negligence and that any damages were limited by the terms of a limited warranty. Significantly, the arbitrator's decision recognized that "there remains testimony to be elicited" in discovery, adding that additional evidence or testimony could bolster Polymer's position on the warranty issue.

### Conclusion

For these reasons, we reverse the final judgment and remand for the case to be set for a trial de novo.

*Reversed and remanded.*

WARNER and DAMOORGIAN, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] Polymer did not preserve the argument that it was not required to show a meritorious defense.