DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**7TH AVENUE VILLAGE, LLC,**
Appellant,

v.

**FRESCIA PEREZ,**
Appellee.

No. 4D2023-0689

[May 1, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Fabienne E. Fahnestock, Judge; L.T. Case No. CACE18021796.

Craig R. Lewis, Vincent F. Vaccarella, and Zachary L. Auspitz of Vincent F. Vaccarella, P.A., Fort Lauderdale, for appellant.

Jeffrey V. Mansell of Burlington & Rockenbach, P.A., West Palm Beach, and Wayne S. Koppel of Koppel & Associates, P.A., Plantation, for appellee.

PER CURIAM.

Appellant 7th Avenue Village, LLC, appeals the trial court's order denying its motion to vacate a final judgment pursuant to Florida Rule of Civil Procedure 1.540(b) and entering final judgment of garnishment in Appellee's favor. Before appealing, 7th Avenue moved for clarification or rehearing of that order pursuant to Florida Rule of Civil Procedure 1.530. After the trial court denied this motion, and sixty-two days from entry of the order denying the motion to vacate, 7th Avenue filed its notice of appeal.

Because 7th Avenue's motion for clarification or rehearing did not toll rendition of the order denying its motion to vacate, the notice of appeal was untimely. Accordingly, we dismiss this appeal for lack of jurisdiction.

For this court to have jurisdiction to review a final or specified non-final order, a notice of appeal must be filed within thirty days of the order's rendition. *See* Fla. R. App. P. 9.110(b), 9.130(b). If an authorized, timely

motion for rehearing is filed, the final order is not deemed rendered until the trial court adjudicates the motion. *See* Fla. R. App. P. 9.020(h)(1)(B), (h)(2)(A). However, a rule 1.530 motion for rehearing directed towards an order denying a rule 1.540(b) motion is generally not authorized and does not toll the time to appeal. *See* Fla. R. App. P. 9.130(a)(5); *see also Suntrust Bank v. Hodges*, 12 So. 3d 1278, 1279-81 (Fla. 4th DCA 2009) (dismissing appeal for lack of jurisdiction where appellant's unauthorized motion for rehearing directed to an order denying its motion for relief from judgment did not toll the time to appeal that order); *Intercoastal Marina Towers, Inc. v. Suburban Bank*, 506 So. 2d 1177, 1178-79 (Fla. 4th DCA 1987).

Here, 7th Avenue's unauthorized motion for clarification or rehearing of the order denying its motion to vacate the final judgment did not toll that order's rendition.[1] *See* Fla. R. App. P. 9.130(a)(5); *Hodges*, 12 So. 3d at 1279-81; *Intercoastal Marina*, 506 So. 2d at 1178-79. 7th Avenue's notice of appeal was therefore untimely because it was filed more than thirty days after rendition of the order denying the motion to vacate final judgment. Accordingly, we dismiss this appeal for lack of jurisdiction.

*Dismissed.*

KLINGENSMITH, C.J., CIKLIN and FORST, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] While a motion for rehearing could toll rendition of the portion of the order entering final judgment of garnishment, 7th Avenue does not raise any arguments on appeal directed towards that final judgment. 7th Avenue challenges only the portion of the order denying its motion to vacate.