# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 6D2023-2119
Lower Tribunal No. 2021-CA-001007-0001-XX

_____

THE CITY OF NAPLES,

Appellant,

v.

HEIDI WOLFF and JOSEPH WOLFF,

Appellees.

_____

Appeal from the Circuit Court for Collier County.
Joseph G. Foster, Judge.

July 12, 2024

STARGEL, J.

The "City" of Naples appeals a final judgment confirming an arbitration award in favor of Heidi and Joseph Wolff. In the proceedings below, the trial court ordered the parties to nonbinding arbitration pursuant to section 44.103, Florida Statutes (2022), and Florida Rule of Civil Procedure 1.820. After the arbitrator's decision was served on the parties, the City filed a motion seeking a thirty-day extension of the deadline to request a trial de novo. The City's motion was referred to a magistrate, who recommended granting the City's motion and extending the

deadline to October 12, 2022.  The City then filed its motion for trial de novo on October 7, 2022.  Thereafter, the trial court rejected the magistrate's recommendation and ruled that it lacked the authority to extend the deadline under Florida Rule of Civil Procedure 1.090.[1]  We reverse.

Section 44.103(5) provides that a nonbinding arbitration decision "shall be final if a request for a trial de novo is not filed within the time provided by rules promulgated by the [Florida] Supreme Court."  Rule 1.820(h) in turn sets a deadline of twenty days after service of the decision for a party to file a motion for trial de novo.  If a motion is not filed within the deadline, "the decision shall be referred to the presiding judge, who shall enter such orders and judgments as may be required to carry out the terms of the decision."  *Id.*

The City moved to extend the deadline under Florida Rule of Civil Procedure 1.090(b), which states in relevant part:

> (1) *In General*.  When an act is required or allowed to be done at or within a specified time by order of court, *by these rules*, or by notice given thereunder, for cause shown the court at any time in its discretion:
>
> > (A) with or without notice, may order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order; . . . .

---

[1] The trial court did not address whether the City had shown cause for an extension.

(Emphasis added). Subject to limited exceptions not applicable here, rule 1.090(b) authorizes trial courts to extend, for cause shown, deadlines imposed by the Florida Rules of Civil Procedure. *Id.*

In establishing the deadline for a party to request a trial de novo after nonbinding arbitration, the legislature, in section 44.103(5), expressly deferred to the rules promulgated by the supreme court, which includes the Florida Rules of Civil Procedure. These rules "apply to all actions of a civil nature and all special statutory proceedings in the circuit courts and county courts except those to which the Florida Probate Rules, the Florida Family Law Rules of Procedure, or the Small Claims Rules apply." Fla. R. Civ. P. 1.010. As a result, the procedure for requesting a trial de novo after nonbinding arbitration is subject to the provisions of rule 1.090(b). Because the City sought the extension within the original twenty-day deadline, rule 1.090(b)(1)(A) authorized the trial court to grant an extension of that deadline for cause shown. *See Preferred Mut. Ins. Co. v. Davis*, 629 So. 2d 259, 261 n.2 (Fla. 4th DCA 1993) ("We can see no reason why rule 1.820(h), Florida Rules of Civil Procedure, should not be subject to the clear provisions of rule 1.090(b), Florida Rules of Civil Procedure.").

In ruling that it lacked the authority to extend the deadline to request a trial de novo, the trial court relied on *Gambrel v. Sampson*, 330 So. 3d 114 (Fla. 2nd DCA 2021). *Gambrel* did not involve a timely-filed motion for extension, but addressed a motion filed after the mandated twenty-day deadline. *Gambrel* held that the circuit

3

court lacked the discretion to excuse a late-filed motion for trial de novo based on excusable neglect because the twenty-day deadline under rule 1.820(h) and the statutory directive that an arbitration decision "shall be final" if the motion is not filed within the deadline are cast in mandatory terms. *Id.* at 117-18. However, *Gambrel* did not address any other procedural rules which interact with rule 1.820(h) and section 44.103(5), as the movant in that case had not raised any such grounds for relief.

Accordingly, because the trial court erroneously relied on *Gambrel* in finding that it lacked the authority to grant the City's requested extension, we reverse the final judgment and remand for consideration of whether the City has shown good cause to extend the deadline to request a trial de novo.[2]

REVERSED and REMANDED.

WOZNIAK and SMITH, JJ., concur.

Jeffrey W. Hurcomb, of Roberts, Reynolds, Bedard & Tuzzio, PLLC, Fort Myers, for Appellant.

Richard L. Weldon, II, and Morgan B. Jones, of Weldon & Rothman, PL, Naples, for Appellees.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

---

[2] We reject the Wolffs' multiple arguments for affirmance without further discussion.