DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HOWARD ROY HOUSEN** and **VALERIE HOUSEN,**
Appellants,

v.

**UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY,**
Appellee.

No. 4D2023-2720

[January 22, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Marina Garcia-Wood, Judge; L.T. Case No. CACE20-010924.

Manny M. Tarich and Matthew P. Hunt of The Tarich Law Firm P.A., Hollywood, for appellants.

Kara Rockenbach Link and David A. Noel of Link & Rockenbach, PA, West Palm Beach, for appellee.

KUNTZ, J.

Howard and Valerie Housen appeal the circuit court's final judgment in their breach of contract action against Universal Property and Casualty Insurance Company. They argue that the circuit court abused its discretion when it denied their motion to vacate the judgment due to excusable neglect. We agree.

The Housens filed an insurance claim with Universal. After Universal denied the claim, the Housens filed a breach of contract action. Before trial, the parties agreed to attend non-binding arbitration under Florida Rule of Civil Procedure 1.800 and section 44.103, Florida Statutes (2020). The arbitrator filed its decision with the court per Rule 1.820(g)(3). The Housens had twenty days to file a notice of rejection of the arbitration decision and request for trial, but did not do so. *See* Fla. R. Civ. P. 1.820(h).

Instead, the Housens filed a motion for new trial twenty-nine days after the arbitrator filed its decision. This untimely filing did not mention it was

filed after Rule 1.820(h)'s deadline. The Housens did not address the filing's tardiness until another sixteen days later, when they submitted a second motion for trial de novo. In the second motion, their counsel explained that the Housens did not intend to accept the arbitrator's award, and "only failed to comply with the deadline as a result of clerical error where the deadline was not properly calendared."

After a hearing, the circuit court rejected the Housens' argument and granted Universal's motion for entry of a final judgment. The Housens moved for reconsideration. They attached to the motion an affidavit from their counsel's legal secretary, stating that "[o]n August 14, 2023, [she] failed to properly calendar the twenty (20) days to file a Motion for Trial de Novo as required under the Florida Rule of Civil Procedure 1.820(h) and as a result, the Motion for Trial de Novo was not timely filed." The circuit court promptly denied the motion and entered final judgment for Universal.

A party who disagrees with a non-binding arbitration decision must file a notice of rejection of the arbitration decision and request for trial de novo within 20 days of being served with the arbitrator's decision. *See* Fla. R. Civ. P. 1.820(h) (2023). If the motion for trial de novo is not timely filed, then the non-binding decision "shall be referred to the presiding judge, who shall enter such orders and judgments as may be required to carry out the terms of the decision." *Id.*[1]

If a final judgment is entered after non-binding arbitration, a party may seek relief from judgment under Florida Rule of Civil Procedure 1.540. *See Polymer Extrusion Tech. Inc. v. Glasshape Mfg., Ltd.*, 374 So. 3d 34, 38 (Fla. 4th DCA 2023). A motion to vacate such a judgment "should be considered on its merits and in light of case law pertaining to motions to vacate for excusable neglect . . . ." *Id.* (quoting *Preferred Mut. Ins. Co. v. Davis*, 629 So. 2d 259, 261 (Fla. 4th DCA 1993)).

Under Rule 1.540(b)(1), "the court may relieve a party or a party's legal representative from a final judgment" for "mistake, inadvertence, surprise, or excusable neglect." Excusable neglect is found "where inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir." *Quest Diagnostics, Inc. v. Haynie*, 320 So. 3d 171, 175 (Fla. 4th DCA 2021) (quoting *Somero v. Hendry Gen. Hosp.*, 467 So. 2d 1103, 1106 (Fla. 4th

---

[1] During the pendency of this appeal, the Supreme Court of Florida amended Rule 1.820(h) to replace the word "shall" with "must" within this portion of the Rule. This amendment took effect on July 1, 2024.

DCA 1985)). The moving party must prove excusable neglect through sworn statements or affidavits. *Geer v. Jacobsen,* 880 So. 2d 717, 720 (Fla. 2d DCA 2004).

Here, the Housens' reason for the late filing was the legal secretary's calendaring error. This qualifies as excusable neglect. *See Barton Protective Servs., LLC v. Redmon,* 387 So. 3d 353, 355-56 (Fla. 3d DCA 2023) ("It is well-established Florida law that excusable neglect is found where an inadvertent calendaring error results in an attorney's failure to act."); *Polymer,* 374 So. 3d at 39 (finding that "a calendaring error stemming from a series of oversights and miscommunications between Polymer's counsel and his legal assistants" constituted excusable neglect).

Universal argues that the Housens waited too long to move to vacate the arbitration award and did not take "swift action . . . upon first receiving knowledge of any default." *Lazcar Int'l, Inc. v. Caraballo,* 957 So. 2d 1191, 1192 (Fla. 3d DCA 2007) (quoting *Westinghouse Credit Corp. v. Steven Lake Masonry, Inc.,* 356 So. 2d 1329, 1330 (Fla. 4th DCA 1978)). But the record shows otherwise. The Housens filed their motion to set aside the judgment, attaching the legal secretary's affidavit, within one week of the judgment's entry. And they filed prejudgment motions as well.

Based on these actions, we conclude the Housens demonstrated excusable neglect, and the circuit court erred when it denied their motion to vacate the judgment.

*Reversed and remanded.*

GROSS and CIKLIN, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3